UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CONTEH

    Petitioner,

v.

SHERIFF PLYMOUTH JAIL,
ICE DISTRICT DIRECTOR
ATTORNEY GENERAL - et al
ROBERTO GONZALES

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241
## FOR IMMEDIATE INJUNCTIVE RELIEF
## FROM DETENTION (ACTUAL INNOCENCE)

Now come Petitioner, John Conteh (hereinafter "Petitioner") and petitions this Honorable Court to issue an immediate relief from detention to protect his rights under the due process clause of the Fifth Amendment U.S.C.A. Const. Amend. 5 and all applicable sections of the Constitution.

### JURISDICTION

Jurisdiction for habeas petition filed by federal prisoner properly lies in district court with jurisdiction over prisoner's custodian, even when prisoner challenges validity rather than execution of his sentence. 28 U.S.C.A. § 2241; U.S. v. Norton, 119 F.Supp. 2d 43 (D. Mass. 2000).

### QUESTIONS PRESENTED

The seminal case giving rise to the doctrine which informs the issues tendered herein is Unites States v. Providence Journal Company, 485 U.S. 693, 108 S. Ct.1502, 99 L. Ed.2d 785 (1988).

1

There, the Supreme Court held that where an attorney purportedly representing the United States is without authority to do so, "we must dismiss the heretofore granted writ of certiorari for want of jurisdiction". Id. at 699, 108 S. Ct. at 1506.

The issue of the effect of unauthorized representation arose because, generally speaking, under 28 U.S.C. § 1254(1) only the solicitor general may authorize the filing of a petition for certiorari in the Supreme Court on behalf of the United States (Fn 3).

In Providence Journal, however, the court had granted certiorari upon the petition of a special prosecutor, which had been filed without permission of the solicitor general.

The court concluded that, the petition for certiorari was tendered and prosecuted by an attorney who, under the statute, had no authority to represent the United States, and held that under such circumstances it was without jurisdiction to entertain the litigation.

As with proceedings before the Supreme Court, the Congress has also limited those who may appear on behalf of the United States in subordinate courts. It has provided that such appearance is limited to officials of the Department of Justice. See 28 U.S.C. § 516, (Fn 4) and the authority to prosecute federal crimes is further limited to the United States Attorney for the district. See also 28 U.S.C. § 547(1). The Congress has, however, provided for the appointment of assistants to aid the United States Attorney in the discharge of his duties. See 28 U.S.C. § 543(a).

Because only the United States Attorney, whether personally or through his assistants, may appear in a criminal case, it would seem to follow that a criminal case prosecuted by an authorized attorney is noncognizable. For that reason, the district court, although having subject matter jurisdiction "of all offenses against the laws of the United

States", see 18 U.S.C. §3231, is, under Providence Journal, without jurisdiction over such cases. See also United States v. Durham, 941 F.2d 886 (9th Cir. 1991).

Since judicial jurisdiction implies the power to hear and determine a cause, United States v. O'Grady, 89 U.S. 641, 647, 22 Wall 641, 22 L. Ed. 772 (1875), in the absence of jurisdiction a court may neither hear nor dispose of a case. Because jurisdiction goes to the power of the court to act, jurisdictional defects cannot be waived. See e.g. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18, 71 S. Ct. 534, 541-542, 95 L. Ed. 702 (1951) (superseded by statute on other grounds), and, for the same reason, are not subject to harmless error analysis. Gomez v. United States, 490 U.S. 858, 876, 109 S. Ct. 2237, 2248, 104 L. Ed.2d 923 (1989) (magistrate lacks jurisdiction to voir dire felony jury and conviction must be reversed without regard to whether error harmless).

In sum, the court understands the cases to hold that on one hand where an attorney, acting essentially without supervision who is not authorized to represent the United States presents the case to the grand jury, or perhaps otherwise conducts all of the proceedings, a jurisdictional defect id tendered and the proceedings are a nullity. In this case, whether Aitan Goelman who did not take his oath of office as mandated by statute and the Constitution of the United States was authorized to represent the United States. Article 2, Section1, and Art.VI, U.S. Constitution. 5 U.S.C.A. § 3331 Pub. L. 89-554, Sept. 6, 1966, 80 Stat. 424.

## **INTRODUCTION**

Upon principles stated by Chief Justice Marshall more than a century ago in the United States v. Wiltberger, 5 Wheat. 76, 95-96, 5 L. Ed. 37, as follows:

"The rule that penal laws are to be constructed strictly is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of the punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment.

It is said, that notwithstanding this rule, the intention of the lawmaker must govern in the construction of penal, as well as other statutes. This is true, but this is not a new independent rule, which subverts the old. It is a modification of the ancient maxim, and amounts to this, that though penal laws are to be construing strictly, they are not to be constricted so strictly as to defeat the obvious intention of the legislature.

The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases, which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend. The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no room for construction.

The term "oath" under 1 U.S.C. § 1, which reads: in determining the meaning of any act of Congress, unless the context indicates otherwise - "oath" includes affirmation, and "sworn" includes affirmed (July 30, 1947, c.388, 61 Stat. 633; June 25, 1948, c.645, § 6, 62 Stat. 859; Oct.31, 1951, c.655, § 1, 65 Stat. 710). See Exhibit – C2 Article 2, Section 1, and Art.VI, U.S. Constitution.

The term "affirm": to make affirmation; to make a solemn and formal declaration or asseveration that an affidavit is true. Black's Law Dictionary with pronunciations. PP.37 (Centennial Edition (1891-1991).

The term "swear" "sworn": to put on oath; to administer an oath to a person; to take an oath; to become bound by an oath duly administered; to declare on oath the truth. Black's Law Dictionary with pronunciations. PP. 1010 Centennial Edition (1891-1991).

Oath of office: various declarations of promises, made by persons who are about to enter upon the duties of a public office, concerning their performance of that office. An oath of office is required by Federal and State Constitutions, and by various statutes, to be made by major and minor officials. See e.g. 28 U.S.C.A. § 544 (U.S.Attorneys). Black's Law Dictionary with pronunciations (Centennial Edition (1891-1991) pp.739).

## BACKGROUND

A three day trial was conducted in the Southern District of New York by Aitan Goelman for the United States from December 7 to December 9, 1999.

A jury returned a guilty verdict for conspiracy to defraud the United States and false statement in violations of 18 U.S.C. §§ 371, 1001.

Petitioner was sentenced to a term of one year and one day, which served till July 24, 2001, and three years supervised release.

"Attorneys for the Government" are those described in F.R.C.P. 54(c). See Exhibit         In terms relevant here, the attorney must be an authorized "assistant" of the United States Attorney.

Accordingly, if by omission of the taking of the oath of office, which is mandatory under the statute and Constitution of the United States, Aitan Goelman was not an authorized assistant if the United States Attorney on December 7,8, and 9, 1999. 5 U.S.C. § 3331; 28 U.S.C. § 544; Article 2, Section 1, and Art. VI U.S. Constitution.

Quoting Providence Journal, *supra*, where attorney, acting essentially without supervision, who is not authorized to represent the United States, presents case to grand jury, or otherwise conducts all the proceedings, jurisdictional defect is tendered and proceedings are a nullity. U.S. v. Navarro, 959, F. Supp. Quoting Nguyen v. U.S. 123 S. Ct. 2130, 539 U.S. 69 (U.S. 2003) "If the statute made him incompetent to sit at the hearing, the decree in which he took part was unlawful, and perhaps absolutely void, and should certainly be set aside or quashed by any court having authority to review it by appeal, error or certiorari."

Mr. Goelman was not an "attorney for the Government" and his appearance before the jury on those dates, *supra*, is a violation of Federal Statute and the Constitution of the United States. The proceeding is a nullity. See 5 U.S.C.A. § 3331; 5 U.S.C.A. § 2903 (a); § 2903(b)(1)(2); 28 U.S.C.§ 544 (added Pub. L. 89-554, § 4(c), Sept. 6, 1996, 80 Stat. 618.); Article 2, Section 1, Apt.VI, U.S. Constitution; 1 U.S.C.§ 1; Federal Rules of Criminal Procedure 54(c) "oath includes affirmation."

The oath of office required by section 3331 of title 5 is incident to entrance into the executive branch, 5 U.S.C. § 2903(b)(1). See Exhibit –D  of 5 U.S.C. § 3331.

It could be said that Mr. Goelman never entered the executive branch of the Government by not taking the oath mandated by Congress; 28 U.S.C. § 544. Since "oath" includes affirmation, and "sworn" means "affirmed", see 1 U.S.C. § 1, and Mr. Goelman never affirmed or sworn his oath as required by Federal Statute, he never took the oath, and thus, he never entered, and thus unauthorized to represent the United States, and the proceedings are a nullity.

" If the statute made him incompetent to sit at the hearing, the decree in which he took part was unlawful, and perhaps absolutely void, and should certainly be set aside or quash by any court having authority to review it by appeal, error or certiorari." Quoting Nguyen. S. Ct. (U.S. 2004), *supra*.

The intention of the legislature is to be collected from the words they employ where there is no ambiguity in the words, there is no room for constriction, United States v. Wiltberger, 5 Wheat. 76, 95-96, 5 L. Ed. 37, *supra*.

The Congress has used plain language to require that an attorney appointed take an oath to execute faithfully his duties "before taking office." This is a necessary condition precedent to the exercise of authority as an assistant of the United States Attorney, and that condition was not met here.

28 U.S.C. § 544 reads: each United States Attorney, assistant United States Attorney, and attorney appointed under section 543 of this title, "before taking office", shall take an oath to execute faithfully his duties (added Pub. L. 89-544, § 4(c), Sept. 6, 1966, 80 Stat. 618).

Interestingly, 1 U.S.C. § 1 made it clear that in determining the meaning of any act of Congress, unless the context indicates otherwise – "oath" includes affirmation, and "sworn" includes "affirmed."

5 U.S.C. § 3331, 28 U.S.C. § 544; Article 2, Section 1, and Art. VI, U.S. Constitution are affirmative statute that directs the doing of an act or declares what shall be done.

Mr. Goelman's appointment affidavit was never affirmed and/or sworn.

7

Absent any affirmation and swear, there is no oath under the laws of the United States. See Exhibit of affidavit.  — B

Affirm means to make affirmation, to make a solemn and formal declaration or asseveration that an affidavit is true, that the witness is telling the truth. Black's Law Dictionary with pronunciation, pp. 37, Centennial Edition 1891-1991.

Swear, sworn means to put on oath, to administer an oath to a person, to take an oath, to become bound by an oath duly administered. Black's Law Dictionary with pronunciations, pp. 1010, Centennial Edition 1891-1991.

The oath solemnizes the appointment and sensitizes the appointed person to the obligations and limitations of the office. It formalizes the appointment and works an official notification that the appointed person represents the Government of the United States in its prosecuting authority and binds that branch of Government to the acts of the appointed person. The oath is evidence of actual authority of the attorney as agent and thereby avoids disputes, which could be generated by reliance upon some apparent authority.

In light of 5 U.S.C. § 3331, which states in part "An individual, except the President, elected or appointed to an office of honor or profit in the civil service, shall take the following oath" [see Exhibit for Aitan Goelman] (Pub. L. 89-554, Sept.6, 1966, 80 Stat. 424).  X—B

The only exception under the statute is the President, and Aitan Goelman was not, and is not the President of the United States, thus, he is not exempted by the Statute. Aitan Goelman cannot discharge the duties imposed as assistant United States Attorney without taking the oath. Mr. Goelman's appointment affidavit was never affirmed or

8

sworn, thus he never put on the oath required before entry to the executive branch, and thus was not authorized absent him taking this oath.

An oath of office is required by Federal Constitution by persons who are about to enter upon the duties of a public office, concerning their performance of that office, and the oath includes affirmation, and sworn means affirmed. See 28 U.S.C. § 544 (U.S. Attorneys), Article 2, Section 1, and Art.VI, U.S. Constitution.

Aitan Goelman was appointed on September 13, 1998 and this is 2004. He never showed up for his appointment affidavit to take the oath required by federal statute, and thus never entered without this oath, and was unauthorized to represent the United States on those dates without supervision by an authorized person to represent the United States, since petitioner was convicted in a trial conducted solely by a person purportedly acting as assistant of United States Attorney. The Providence Journal doctrine should apply, there, the Supreme Court held that, where an attorney purportedly representing the United States is without authority to do so, " we must dismiss the heretofore granted writ of certiorari for want of jurisdiction". Id. at 699, 108 S. Ct. at 1506, *supra*.

In U.S. v. Pignatiello, 582 F. Supp. 251 (D.Colo. 1984), the court applied the Providence Journal principle, and held that absent taking of the oath, attorney in question was not an "attorney for the Government" entitled to be present in proceedings, and violation was not cured by subsequent taking of the oath indictment dismissed.

The oath was the oath required by 28 U.S.C. § 544, providing as follows: each attorney appointed under section 543 of this title, before taking office, shall take an oath to execute faithfully his duties. Aitan Goelman has not executed the required oath required by federal statute. As the Supreme Court recently held: "If the statute made him

incompetent to sit at the hearing, the decree in which he took part was unlawful, and perhaps absolutely void, and should certainly be set aside or quash by any court having authority to review it by appeal, error, or certiorari", Nguyen v. U.S.123, S. Ct. 2130, 539 U.S. 69 (U.S. 2004).

Since the Supreme Court has spoken, the lower courts cannot interpret the Statute differently. See Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-313 (1994) (" it is this court's responsibility to say what a statute means, and once the court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law").

Since petitioner's detention stems from a trial conducted by an unauthorized attorney for the Government, the proceedings are a nullity, Providence Journal, *supra*.

This Court should release Petitioner immediately from his detention.

### PLEASE SEE EXHIBITS:

A – Cover letter from U.S. Department of Justice (request # 03-3850 under the Freedom of Information Act).

B – Appointment affidavits for Aitan Goelman "oath not affirmed or sworn" as required under federal statute.

C – Appointment affidavits for Daniel M. Gitner - example of oath affirmed and sworn as required by federal statute.

C 2 – 1 U.S.C.§ 1.

D – 5 U.S.C. § 3331; 5 U.S.C.§ 2903.

E - 28 U.S.C. § 544.

## CONCLUSION

"Liberty finds no refuge in a jurisprudence of doubt" planned parenthood of southeastern Pa. v. Casey, 505 U.S. 833, 844 (1992).

The truth of this statement is ever apparent to petitioner who has already been detained for over three years after being convicted by a trial conducted by an attorney not authorized to represent the United States. This Court should render the proceeding a nullity as required by Providence Journal, *supra*, and release Petitioner from further detention.

Dated: 16th March, 2005

Plymouth, Massachusetts

Sincerely yours,

John Conteh,
PCCF,
Plymouth, MA 02360

Certificate of Service

I hereby certify that a copy of the foregoing was delivered by first class mail, postage prepaid on United States Attorney's office Boston, Massachusetts.

11

**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 03-3850

JAN 2 1 2004

Subject: AUSA AITAN D. GOELMAN & AUSA DANIEL M. GITNER (OATH OF OFFICE)/NYS

Requester: JOHN CONTEH

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. **Please give us this number if you write about your request.** If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. **Please do not send any payment at this time!** If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

Marie A. O'Rourke
Marie A. O'Rourke
Assistant Director



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

FEB 2 6

Requester: **John Conteh**          Request Number: **03-3850**

Subject of Request: **AUSAs Aitan D. Goelman & Daniel M. Gitner (Oath of Office)/NYS**.

Dear Requester:

   Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record keeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

   All of the records you seek are being made available to you. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. **Therefore, by this letter we authorize the partial release of 2 pages (See enclosed Appointment Affidavits for AUSAs Goelman & Gitner).**

   This is the final action my office will take on EOUSA case 03-3850.

                                Sincerely,

                                [signature]

                                Marie A. O'Rourke
                                Assistant Director

Enclosures

Form No. 021A - 9/02

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

Case 1:05-cv-10586-RCL    Document 1-2    Filed 03/24/2005    Page 3 of 9

# APPOINTMENT AFFIDAVITS

United States Attorney  
(Position to which appointed)

9/13/98  
(Date of appointment)

Department of Justice  
(Department or agency)

U.S. Attorney's Office  
(Bureau or Division)

New York, NY  
(Place of employment)

I, Aitan Goelman, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

7(C)

(Signature of appointee)

Subscribed and sworn (or affirmed) before me this _____ day of _____, 19____,

at _____  
(City)           (State)

[SEAL]

(Signature of officer)

Personnel Officer  
(Title)

Commission expires _____  
(If by a Notary Public, the date of expiration of his/her Commission should be shown)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

NSN 7540-00-634-4015    GPO : 1993 O – 353-835    Prior Edition Usable

RIP  
b7(C)

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0114

# APPOINTMENT AFFIDAVITS

**Assistant United States Attorney**
(Position to which appointed)

December 07, 1997
(Date of appointment)

**Department of Justice**   **US Attorney's Office - SDNY**   **New York, New York**
(Department or agency)    (Bureau or division)                (Place of employment)

I, __Daniel M. Gitner_____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this __8th__ day of __December__ A.D. 19__97__

at __New York__
   (City)

__New York__
(State)

[SEAL]

_____
(Signature of officer)

Commission expires_____
(If by a Notary Public, the date of expiration
of his Commission should be shown)

__Personnel Assistant__
(Title)

RJP
b7(C)

## GENERAL PROVISIONS

| Title 1 Former Sections | Revised Statutes Statutes at Large | Title 1 New Sections |
|---|---|---|
| 30 | Jan. 12, 1895, c. 23, § 73, 28 Stat. 615. June 20, 1936, c. 630, § 9, 49 Stat. 1551 | 112 |
| 30a | June 16, 1938, c. 477, § 1, 52 Stat. 760 | 113 |
| 31 | R.S. § 6 | 114 |
| 51a | R.S. § 908 | |
| 52 | May 29, 1928, c. 586, § 1, 45 Stat. 1540 | 201 |
| 53 | Mar. 2, 1929, c. 910, § 2, 45 Stat. 1007 | 202 |
| 54 | Mar. 2, 1929, c. 586, § 2, 45 Stat. 1541 | 203 |
| 54a | May 29, 1928, c. 910, § 3, 45 Stat. 1007 | 204 |
| 54b | Mar. 2, 1929, c. 586, § 3, 45 Stat. 1541 | 205 |
| | May 29, 1928, c. 910, § 4, 45 Stat. 1007 | |
| | Mar. 2, 1929, c. 586, § 4, 45 Stat. 1542 | |
| | Mar. 4, 1933, c. 282, § 1, 47 Stat. 1603 | |
| | June 13, 1934, c. 483, §§ 1, 2, 48 Stat. 948 | 206 |
| | Mar. 2, 1929, c. 586, § 5, 45 Stat. 1542. Mar. 4, 1933, c. 282, § 1, 47 Stat. 1603 | |
| | June 13, 1934, c. 483, §§ 1, 2, 48 Stat. 948 | |
| 54c | Mar. 2, 1929, c. 586, § 6, 45 Stat. 1542. | 207 |
| 54d | Mar. 2, 1929, c. 586, § 7, 45 Stat. 1542. | 208 |
| 55 | May 29, 1928, c. 910, § 5, 45 Stat. 1007 | 209 |
| 56 | May 29, 1928, c. 910, § 6, 45 Stat. 1007 | 210 |
| 57 | May 29, 1928, c. 910, § 7, 45 Stat. 1008 | 211 |
| 58 | May 29, 1928, c. 910, § 8, 45 Stat. 1008 | 212 |
| 59 | May 29, 1928, c. 910, § 10, 45 Stat. 1008. | 213 |
| 60 | Mar. 3, 1933, c. 202, § 2, 47 Stat. 1431 | Rep. |

### HISTORICAL AND STATUTORY NOTES

**Positive Law; Creation**

This title has been made positive law by section 1 of Act July 30, 1947, c. 388, 61 Stat. 633, which provided in part that: "Title 1 of the United States Code entitled 'General Provisions', is codified and enacted into positive law and may be cited as '1 U.S.C., § ___.'"

**Repeals**

Section 2 of Act July 30, 1947, c. 388, 61 Stat. 640, repealed the sections or parts thereof of the Statutes at Large or the Revised Statutes covering provisions codified in this Act, insofar as such provisions appeared in Title 1, U.S. Code, 1940 edition, with a proviso that "any rights or liabilities now existing under such repealed sections or parts thereof shall not be affected by such repeal."

**Writs of Error**

Section 23 of Act June 25, 1948, c. 646, 62 Stat. 990, provided that: "All Acts of Congress referring to writs of error shall be construed as amended to the extent necessary to substitute appeal for writ of error."

## CHAPTER 1—RULES OF CONSTRUCTION

Sec.
1. Words denoting number, gender, etc.[1]
2. "County" as including "parish", etc.[1]
3. "Vessel" as including all means of water transportation.
4. "Vehicle" as including all means of land transportation.
5. "Company" or "association" as including successors and assigns.
6. Limitation of term "products of American fisheries."
7. Definition of "marriage" and "spouse".

[1] So in original. Does not conform to section catchline.

### HISTORICAL AND STATUTORY NOTES

**Amendments**

1996 Amendments. Pub.L. 104–199, § 3(b), Sept. 21, 1996, 110 Stat. 2420, added item 7.

### WESTLAW COMPUTER ASSISTED LEGAL RESEARCH

WESTLAW supplements your legal research in many ways. WESTLAW allows you to
• update your research with the most current information
• expand your library with additional resources
• retrieve direct history, precedential history and parallel citations with the Insta-Cite service

For more information on using WESTLAW to supplement your research, see the WESTLAW Electronic Research Guide, which follows the Explanation.

§ 1. Words denoting number, gender, etc.

In determining the meaning of any Act of Congress, unless the context indicates otherwise—

  words importing the singular include and apply to several persons, parties, or things;

  words importing the plural include the singular;

  words importing the masculine gender include the feminine as well;

  words used in the present tense include the future as well as the present;

  the words "insane" and "insane person" and "lunatic" shall include every idiot, lunatic, insane person, and person non compos mentis;

3

the words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals;

"officer" includes any person authorized by law to perform the duties of the office;

writing includes printing and typewriting and reproductions of visual symbols by photographing, multigraphing, mimeographing, manifolding, or otherwise.

(July 30, 1947, c. 388, 61 Stat. 633; June 25, 1948, c. 6, 62 Stat. 859; Oct. 31, 1951, c. 655, § 1, 65 Stat. 710.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1947 Acts. House Report No. 251, see 1948.

1951 Acts. Senate Report No. 1020, see 1951 U.S. Code Cong. Service, p. 1511.

**Short Title**

1996 Amendments. Pub.L. 104-199, § 1, Sept. 21, 1996, 110 Stat. 2419, provided that: "This Act [enacting section 7 of this title and section 1738C of Title 28, Judiciary and Judicial Procedure] may be cited as the 'Defense of Marriage Act'."

**Amendments**

1951 Amendments. Act Oct. 31, 1951 substituted in fourth clause after opening clause, "used" for "use".

1948 Amendments. Act June 25, 1948 included "tense", "whoever", "signature", "subscription", and "writing" and a broader definition of the term "person".

**Continental United States**

Section 48 of Pub.L. 86-70, June 25, 1959, 73 Stat. 154, provided that: "Whenever the phrase 'continental United States' is used in any law of the United States enacted after the date of enactment of this Act [June 25, 1959], it shall mean the 49 States on the North American Continent and the District of Columbia, unless otherwise expressly provided."

**Effective Dates**

1948 Acts. Section 20 of Act June 25, 1948 provided that the amendment by Act June 25, 1948 be effective Sept. 1, 1948.

## CROSS REFERENCES

Application of this section to—

Armed forces, see 10 USCA § 101.

National Guard, see 32 USCA § 101.

Pay and allowances of the uniformed services, see 37 USCA § 101.

Internal Revenue Code definitions, see 26 USCA § 7701.

Person as including—

Associations, see 19 USCA § 1401 and 46 USCA § 801.

Government, Indian tribe, or authority offering hazardous material for transportation, see 49 USCA § 5102.

Governmental authority, trustee, receiver, assignee and other similar representative, see 49 USCA § 40102.

Municipalities, electric cooperatives, industrial development agencies, nonprofit organizations, and Indian tribes, see 30 USCA §§ 1511 and 1531.

State, municipality, trustee, receiver, assignee, or personal representative, see 49 USCA § 60101.

Person as including—Cont'd

Trustee, receiver, assignee, or personal representative of a person for interstate commerce purposes, see 49 USCA § 10102.

Trustee, representative of records and reports on monetary instruments transactions, see 31 USCA § 5312.

Person defined—

Postal service, star route certification, see 39 USCA § 5215.

Professional and amateur sports protection, see 28 USCA § 3701.

## LIBRARY REFERENCES

**American Digest System**

Construction of statutes; meaning of language and particular words and phrases, see Statutes ⟨key⟩ 187 et seq, 199.

**Encyclopedias**

Construction of statutes; meaning of language and particular words and phrases, see C.J.S. Statutes §§ 229 et seq, 338.

## WESTLAW ELECTRONIC RESEARCH

Statutes cases: 361k[add key number].

See, also, WESTLAW guide following the Explanation pages of this volume.

## NOTES OF DECISIONS

Affirmation 8
Context 1
Gender 5
Indicates 3
Mandatory terms 2
Numbers 4
Oath and affirmation 8
Officer 7
Permissive and mandatory terms 2
Person 6

---

**1. Context**

Term "context" as used in Dictionary Act definition of "person" to include specifically designated entities unless "context" indicates otherwise, means text of the Act of Congress surrounding word at issue, or texts of other related congressional Acts. Rowland v. California Men's Colony, Unit II Men's Advisory Council, U.S.Cal.1993, 113 S.Ct. 716, 506 U.S. 194, 121 L.Ed.2d 656, on remand 990 F.2d 519.

**2. Permissive and mandatory terms**

Ordinarily, word "may" as used in a statute, is a permissive and not a mandatory term. Bennett v. Panama Canal Co., C.A.D.C.1973, 475 F.2d 1280, 155 U.S.App.D.C. 11.

**3. Indicates**

Word "indicates," appearing in Dictionary Act definition of word "person" to include specifically designated entities unless context indicates otherwise, has broad meaning bespeaking something more than an express contrary definition in statute in question. Rowland v. California Men's Colony, Unit II Men's Advisory Council, U.S.Cal.1993, 113 S.Ct. 716, 506 U.S. 194, 121 L.Ed.2d 656, on remand 990 F.2d 519.

**4. Numbers**

The rule that words importing the singular number extend and be applied to several persons or things obviously is not one to be applied except where it is necessary to carry out the evident intent of the statute. First Nat. Bank in St. Louis v. State of Missouri, Mo. 1924, 44 S.Ct. 213, 263 U.S. 640, 68 L.Ed. 486. See, also, Roukous v. U. S., R.I. 1912, 195 F 353, 115 C.C.A. 255, certiorari denied 32 S.Ct. 840, 225 U.S. 710, 56 L.Ed. 1267.

Rule of statutory construction that unless context indicates otherwise words importing singular include and apply to several persons, parties, or things is not a rule to be applied except where necessary to carry out evident intent of the statute. Toy Mfrs. of America, Inc. v. Consumer Products Safety Commission, C.A.2. 1980, 630 F.2d 70. See, also, Franklin Sav. Ass'n v. Director of Office of Thrift Supervision, D.Kan.1990, 740 F.Supp. 1535.

**Note 2**

and their employees, 1978 (Counsel.Inf. Op.) 2 Op.O.L.C. 66.

**3. Government agency attorneys**

That government attorney appointed special assistant United States attorney in grand jury proceedings had been involved in civil investigative phase did not require disqualification of government attorney in prosecution for mail fraud and making false statements in reports to Securities and Exchange Commission and shareholders. U.S. v. Wencke, C.A.9 (Cal.) 1979, 604 F.2d 607.

There was no abuse of discretion in appointing Commodities Futures Trading Commission attorney, who had initially recommended criminal prosecution, as special assistant United States attorney to assist in investigation by grand jury of commodities trading in Chicago. In re Perlin, C.A.7 (Ill.) 1978, 589 F.2d 260.

Attorney General has the authority to appoint an administrative agency attorney as a special attorney. In re Grand Jury Subpoenas, C.A.6 (Mich.) 1978, 573 F.2d 936, on rehearing 584 F.2d 1366, certiorari denied 99 S.Ct. 1277, 440 U.S. 934, 59 L.Ed.2d 492.

Where prosecution for fraudulent sale of securities, fraud in the use of the mails and for conspiracy was initiated by and trial was under control of the United States Attorney and defense counsel did not object to participation in trial by attorney for Securities and Exchange Commission, participation of the attorney for the Securities and Exchange Commission without special appointment by the Attorney General was not prejudicial to defendants. Wall v. U.S., C.A.10 (Utah) 1967, 384 F.2d 758.

**4. Strike Force attorneys**

Where the United States attorney reviews and signs all indictments, and organized crime prosecutions are coordinated with his work, the attorneys of the Department of Justice's Organized Crime Strike Force conducting grand jury proceedings are "assisting" United States attorney within this section. In re Persico, C.A.2 (N.Y.) 1975, 522 F.2d 41.

**5. Appearance of impropriety**

No per se appearance of impropriety sufficient to taint grand jury and require its termination results merely because agency attorney referring criminal matter to grand jury is appointed a special attorney to assist in the grand jury investigation. In re Perlin, C.A.7 (Ill.) 1978, 589 F.2d 260.

**6. Conflict of interest**

There is no authority which would allow defendant to disqualify government attorney by merely alleging potential civil litigation, and, likewise, threatening to file grievance with bar association against United States attorney does not constitute conflict of interest requiring disqualification. U.S. v. Wencke, C.A.9 (Cal.) 1979, 604 F.2d 607.

**7. Jurisdiction**

Issue of whether Special Assistant United States Attorney had been properly appointed went to jurisdiction of district court, and accordingly was not matter that could be time barred for failure

**8. Grand jury**

Since this section providing independent basis for appointment of attorneys to assist the United States Attorney does not require that attorneys appointed pursuant to its provisions be specifically directed by the Attorney General to conduct grand jury proceedings, attorneys appointed to assist the United States Attorney may appear before the grand jury without having received such specific directions, and this indictments obtained as result of proceedings which they conduct or at which they assist are valid. U.S. v. Hawthorne, D.C.Cal.1978, 449 F.Supp. 1048.

Despite defense claims that unauthorized persons representing the Government appeared before the Grand jury, the record showed that those persons, who were and had been attorneys for the Government generally and employees of the Justice Department…

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1948 Acts. Prior Section 504.—** Reference to the territories in said section 482, was also omitted as covered by provisions of Title 48, U.S.C. 1940 ed., Territories and Insular Possessions. See sections 109 and 112 of such title applicable to United States attorney in Alaska, and 1353 applicable in the Canal Zone, and 1405y applicable in the Virgin Islands.

Based on section 315 of Title 5, U.S.C. 1940 ed., Executive Departments and Government Officers and Employees, Title 28, U.S.C. 1940 ed., section 482, and sections 643 and 863 of Title 48, U.S.C. 1940 ed., Territories and Insular Possessions (R.S. §§ 366, 769; June 24, 1898, c. 495, § 1, 30 Stat. 487; Apr. 12, 1900, c. 339, § 34, 31 Stat. 85; Apr. 30, 1900, c. 269, § 86, 31 Stat. 158; Mar. 3, 1909, c. 321, § 1, 35 Stat. 838; Jan. 7, 1913, c. 6, 37 Stat. 648; Mar. 2, 1917, c. 145, § 41, 39 Stat. 965; Mar. 4, 1921, c. 161, § 1, 41 Stat. 1412; July 9, 1921, c. 42, § 313, 42 Stat. 119; Feb. 12, 1925, c. 220, 43 Stat. 890; Apr. 17, 1930, c. 174, 46 Stat. 170; Mar. 26, 1938, c. 51, § 2, 52 Stat. 118).

Section consolidates parts of sections 315 of Title 5, U.S.C. 1940 ed., and 643 and 863 of Title 48, both U.S.C. 1940 ed., with section 482 of Title 28, U.S.C. 1940 ed. It is recommended that said section 315 be amended so as to omit those provisions relating to special attorneys to assist "district attorneys" which were used as part of the basis for this section, as other parts of said section 315, relating to special assistants to the Attorney General, and to foreign counsel, are to remain in Title 5.

Words "United States attorney" were substituted for district attorney, and reference to District of Columbia was omitted. (See reviser's note [now Revision Notes and Legislative Reports] under section 501 [now 541] of this title.)

The provision as to the tenure of the assistant United States attorneys and special attorneys is new. Existing law contains no provision as to tenure or removal of such officials. While the Supreme Court has held that the power of removal of executive officials is incident to the power of appointment, this section expressly provides for removal. See Myers v. United States, 1926, (47 S.Ct. 21, 272 U.S. 52, 71 L.Ed. 160).

Said special attorneys appointed to assist United States attorneys should take the same oath required of the latter. This section was extended to assistant United States attorneys, respecting whom no provision existed as to oaths.

A portion of section 863 of Title 48, U.S.C. 1940 ed., is retained in said Title 48. For remainder of said section 863, see Distribution Table. Other provisions of section 643 of said title are incorporated in sections 133, 501 [now 541] and 541 [see 561] of this title.

Other changes were made in phraseology. 80th Congress House Report No. 308.

**1966 Acts.**

| Derivation: | United States Code | Revised Statutes and Statutes at Large |
|---|---|---|
| | 28 U.S.C. 504(c) | [None] |

5 § 3330    EXAMINATION, SELECTION, ETC.    Ch. 33

**Codifications**

Pub.L. 104–106, Div. A, Title X, § 1037(b)(2), Feb. 10, 1996, 110 Stat. 432, provided for the redesignation of section 3329 as section 3330. Redesignation had been executed earlier pursuant to Pub.L. 104–52.

**Amendments**

**1995 Amendments.** Subsec. (f). Pub.L. 104–52, § 4(1)(B), added subsec. (f).

### LIBRARY REFERENCES

**Administrative Law**

Promotion and internal placement, see 5 CFR Part 335.

**American Digest System**

Appointment of officers and public employees; restrictions of civil service laws or rules, see Officers and Public Employees ⟐11.1 to 11.8.

Appointment or employment and tenure of federal agents, clerks, and employees, see United States ⟐36.

**Encyclopedias**

Appointment of federal agents and employees, see C.J.S. United States § 36.

Selection and qualifications of officers; civil service regulations, see C.J.S. Officers and Public Employees § 49 et seq.

### WESTLAW ELECTRONIC RESEARCH

Officers and public employees cases: 283k[add key number].

United States cases: 393k[add key number].

See, also, WESTLAW guide following the Explanation pages of this volume.

## SUBCHAPTER II—OATH OF OFFICE

### § 3331. Oath of office

An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath: "I, AB, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God." This section does not affect other oaths required by law.

(Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 424.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1966 Acts.**

| Derivation: | United States Code | Revised Statutes and Statutes at Large |
|---|---|---|
| | 5 U.S.C. 16 | R.S. § 1757. May 13, 1884, ch. 46, §§ 2, 3, 23 Stat. 22. |

270

---

Ch. 33    OATH OF OFFICE    5 § 3331

All but the quoted language in R.S. § 1757 is omitted as obsolete since R.S. § 1757 was originally an alternative oath to the oath prescribed in R.S. § 1756 which oath was repealed by the Act of May 13, 1884, ch. 46, § 2, 23 Stat. 22. The words "An individual, except the President . . . in the civil service or uniformed services" are substituted for "any person . . . either in the civil, military, or naval service, except the President of the United States". The second sentence of former section 16 is changed to read, "This section does not affect other oaths required by law."

Standard changes are made to conform with the definitions applicable and the style of this title as outlined in the preface to the report.

### CROSS REFERENCES

Custody of oath in Congress, court, or agency to which office pertains, see 5 USCA § 2906.

Fee or pay for administering oath prohibited, see 5 USCA § 2904.

Officer affidavit that no consideration was paid for appointment filed with oath under this section, see 5 USCA § 3332.

Peace Corps enrollees oath of office under this section, see 22 USCA § 2504.

Persons authorized to administer oath, see 5 USCA § 2903.

Postal Service oath of office, see 39 USCA § 1011.

Renewal of oaths, see 5 USCA § 2905.

Requirement to take new oath upon appointment to a higher grade by—
  Coast Guard Reserve commissioned officers, see 14 USCA § 735.
  National Oceanic and Atmospheric Administration commissioned officers, see 33 USCA § 854a–2.

Officers on the active-duty list, see 10 USCA § 626.

Regular Coast Guard officers, see 14 USCA § 273.

Reserve active-status list officers, see 10 USCA § 14309.

Temporary appointees in time of war or national emergency, see 10 USCA § 603.

Warrant officers, see 10 USCA § 578.

Reserve component officer subscription to oath prescribed by this section, see 10 USCA § 12201.

Secretary of the Senate authorization to designate Disbursing Office employees to administer oaths under this section, see 2 USCA § 64–1.

Volunteers in Service to America oath under this section, see 42 USCA § 4954.

Voting referees subscription to the oath required by this section, see 42 USCA § 1971.

### LIBRARY REFERENCES

**American Digest System**

Appointment, qualification, and tenure of federal officers, see United States ⟐35.

Mode of administration of oath, see Oaths ⟐3.

**Encyclopedias**

Appointment of federal officers, see C.J.S. United States § 35.

Requisites and sufficiency of oaths, see C.J.S. Oaths and Affirmations § 5.

### WESTLAW ELECTRONIC RESEARCH

Oaths cases: 280k[add key number].

United States cases: 393k[add key number].

See, also, WESTLAW guide following the Explanation pages of this volume.

### NOTES OF DECISIONS

Effect of oath    5          Form of oath    4
Expatriation    9           Office within section    2
Failure to take oath    6    Other oaths required by law    7

271

## 5 § 2902
### COMMISSIONS, OATHS, ETC.    Ch. 29

tary of Commerce, the Secretary of Defense, the Secretary of a military department, the Secretary of the Interior, or the Secretary of the Treasury shall be made out and recorded in the department in which he is to serve under the seal of that department. The departmental seal may not be affixed to the commission before the commission has been signed by the President.

(c) The commissions of judicial officers and United States attorneys and marshals, appointed by the President, by and with the advice and consent of the Senate, and other commissions which before August 8, 1888, were prepared at the Department of State on the requisition of the Attorney General, shall be made out and recorded in the Department of Justice under the seal of that department and countersigned by the Attorney General. The departmental seal may not be affixed to the commission before the commission has been signed by the President.

(Pub.L. 89–554, Sept. 6, 1966, 80 Stat. 411; Pub.L. 94–183, § 2(3), Dec. 31, 1975, 89 Stat. 1057.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**
**1966 Acts.**

| Derivation: | United States Code | Revised Statutes and Statutes at Large |
|---|---|---|
| (a) | 4 U.S.C. 42 (as applicable to civil commissions) 5 U.S.C. 11 | [None.] Mar. 3, 1875, ch. 131, § 14, 18 Stat. 420. Mar. 28, 1896, ch. 73, 29 Stat. 75. |
| (b) | | Mar. 3, 1905, ch. 1422, 33 Stat. 990. |
| (c) | 5 U.S.C. 12 | Aug. 8, 1888, ch. 786, 25 Stat. 387 |

In subsection (a), the words "Except as provided by subsections (b) and (c) of this section," are added on authority of former sections 11 and 12, which are codified in subsections (b) and (c) of this section. The words "the commission of an officer" are substituted for "all civil commissions for officers of the United States" because of the definition of "officer" in section 2104. The words "by the President" are coextensive with and substituted for "by the President, by and with the advice and consent of the Senate, or by the President alone".

In subsection (b), the words "officer in the civil service or uniformed services" are substituted for "officer" because of the definition of "officer" in section 2104. The words "direction and" are omitted as included within "the control". The words "the Secretary of Defense" are added on authority of the Acts of July 26, 1947, ch. 343, § 305(a), 61 Stat. 508, and Aug. 10, 1949, ch. 412, § 12(g), 63 Stat. 591. The words "the Secretary of a military department" are substituted for "the Secretary of War," (appearing in the Act of Mar. 28, 1896) because of the definition of "military department" in section 102. The title of the Secretary of War was changed to Secretary of the Army by the Act of July 26, 1947, ch. 343, § 205, 61 Stat. 501. "Secretary of the Air Force" is included on authority of the Act of July 26, 1947, ch. 343, § 207(a), (f), 61 Stat. 502. The words "Secretary of Commerce" are substituted for "Secretary of Commerce and Labor" on authority of the Act of

98

---

## Ch. 29    COMMISSIONS, OATHS, AND RECORDS    5 § 2903

Mar. 4, 1913, ch. 141, § 1, 37 Stat. 736. The words "under the departmental seal" are substituted for "and the departmental seal affixed thereto". The words "laws to the contrary notwithstanding," any omitted as unnecessary. The last sentence of section 14 of the Act of Mar. 3, 1875, is omitted as executed.

In subsection (c), the words "and shall be" and "any laws to the contrary notwithstanding" are omitted as unnecessary.

Standard changes are made to conform with the definitions applicable and the style of this title as outlined in the preface to the report.

**1975 Acts:** Senate Report No. 94-540, see 1975 U.S. Code Cong. and Adm. News, p. 2141.

**Amendments**
**1975 Amendments.** Subsec. (b). Pub.L. 94–183 deleted "the Postmaster General," following "under the control of".

### LIBRARY REFERENCES

**American Digest System**
Appointment, qualification, and tenure of federal officers, see United States ⚖35.

**Encyclopedias**
Appointment of federal officers in general, see C.J.S. United States § 35.

### WESTLAW ELECTRONIC RESEARCH

United States cases: 393k[add key number].
See, also, WESTLAW guide following the Explanation pages of this volume.

### NOTES OF DECISIONS

**Evidence 2**
**Signature of President 1**

**1. Signature of President**
A commission should show upon its face that it is the commission of the President but his actual signature is not necessary. 1898, 22 Op.Atty.Gen. 82.

**2. Evidence**
Proof that an individual has acted notoriously as a public officer is prima facie evidence of his character, without producing his commission or appointment. Jacob v. U.S., C.C.Va.1821, Fed.Cas. No. 7,157.

---

## § 2903.

(a) The oath of office required by section 3331 of this title may be administered by an individual authorized by the laws of the United States or local law to administer oaths in the State, District, or territory or possession of the United States where the oath is administered.

(b) An employee of an Executive agency designated in writing by the head of the Executive agency, or the Secretary of a military department with respect to an employee of his department, may administer—

(1) the oath of office required by section 3331 of this title, incident to entrance into the executive branch; or

(2) any other oath required by law in connection with employment in the executive branch.

99