UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CONTEH,                    )
                               )
        Petitioner             )
                               )
    V.                         )    C.A. No. 05-10586-RCL
                               )
ALBERTO GONZALES,              )
                               )
        Respondent             )

## GOVERNMENT'S MOTION FOR SUMMARY DISPOSITION

The government respectfully moves this Court to summarily dismiss the above-captioned

case. As set forth below, and as this Court has previously ruled, this Court does not have jurisdiction

to consider or grant the relief petitioner John Conteh requests.

### Preface

This matter has previously appeared before this Court. In the application for writ of

habeas corpus that he nominally filed under 28 U.S.C. § 2241 in *Conteh v. United States*, No. 04-

cv-11471-RCL (D. Mass. June 30, 2004), Petitioner claimed that the Assistant United States

Attorney who prosecuted him in the Southern District of New York did not properly take the oath

of office. *See* Attachment "A" (CM/ECF printout of Petitioner's Application filed June 28,

2004). Two days after that petition was filed, and without referring this matter to the United

States Attorney, this Court summarily dismissed the action. This Court concluded that, although

the petition was filed nominally as a § 2241 petition, Petitioner's only avenue of relief was

through § 2255 and this Court lacked jurisdiction over any § 2255 petition by the defendant who

was convicted in the Southern District of New York. *See* Attachment "B" (Memorandum and Order dated June 30, 2004).

Petitioner's instant claim is identical to the claim that was rejected by this Court in 2004. Petitioner relies on the same exhibits (redacted copies of two Appointment Affidavits) and again claims that he seeks relief under § 2241. Nonetheless, the present petition was referred to the United States Attorney for response. For the reasons previously articulated by this Court, and as elaborated below, the petition must again be denied for lack of jurisdiction.

## Relevant Facts

At the close of a jury trial before Judge Lewis A. Kaplan in the United States District Court for the Southern District of New York, the jury found Petitioner guilty of two counts: conspiracy to commit bank fraud and to possess a counterfeit security, in violation of 18 U.S.C. § 371; and making false statements to a federal law enforcement agent, in violation of 18 U.S.C. § 1001. On July 24, 2000, the district court sentenced Petitioner to a federal prison term of one year and one day, followed by a three-year term of supervised release. Mindful of Petitioner's status as an alien, the district court further directed that Petitioner comply with all directives of the Immigration and Naturalization Service (since renamed the Bureau of Immigration and Customs Enforcement, or BICE) and not re-enter the United States illegally in the event that he was deported.

On July 25, 2000, Petitioner filed a Notice of Appeal, claiming that his conviction was obtained without proper venue. In a decision issued on February 5, 2001, the United States Court of Appeals for the Second Circuit rejected Petitioner's claim and affirmed his conviction. *United States v. Conteh*, 2 Fed. Appx. 202 (2d Cir. 2001).

Petitioner completed his term of imprisonment in 2001. Petitioner has acknowledged that his current incarceration at the Plymouth County Correctional Facility, located in the District of Massachusetts, is pursuant to INS deportation proceedings. While in Massachusetts, Petitioner has filed multiple motions with the Second Circuit and the Southern District of New York.

### Argument

This Court lacks jurisdiction due to the following factors:

Petitioner's present Application, nominally submitted under 28 U.S.C. § 2241, mirrors his 2004 petition in that it challenges the validity of his conviction in the United States District Court for the Southern District of New York. Ordinarily, a federal prisoner may collaterally attack his conviction, if at all, only through a motion to correct or vacate his sentence under 28 U.S.C. § 2255, and not through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2241 is normally the vehicle to attack the execution, and not the validity, of a conviction or sentence. *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999).

In 2004, this Court ruled that the identical claim now raised by Petitioner was in fact a § 2255 claim. *Conteh v. United States*, No. 04-cv-11471-RCL, Mem. & Order at 3 (D. Mass. June 30, 2004),. Petitioner's new filing is again a § 2255 challenge to the validity of his conviction and the sentence imposed in the Southern District of New York. As a § 2255 challenge, this claim can only be heard in the court of original jurisdiction, which is the Southern District of New York.. *See* 28 U.S.C. § 2255 (2000) (authorizing a federal prisoner to "move the court which imposed the sentence to vacate, set aside or correct the sentence"). In 2004 this Court ruled that the claim raised and the remedy sought could only be considered in the Southern District of New York. *Conteh*, Mem. & Order at 3–4. For this reason alone, the present petition must be denied.

Although not necessary to this Court's finding of lack of jurisdiction, additional factors also support summary dismissal of the present petition on jurisdictional grounds. First, § 2255 prohibits Petitioner from filing a second or successive § 2255 motion without the approval of the United States Court of Appeals for the Second Circuit. Petitioner previously filed a § 2255 motion in the Southern District of New York on February 25, 2002. The district court (Kaplan, J.) denied Petitioner's § 2255 claim in all respects, denied his request for a certificate of appealability, and determined that any appeal from this decision would not be taken in good faith. *United States v. Conteh*, 226 F. Supp. 2d 514, 522 (S.D.N.Y. 2002). That denial by the district court was affirmed by the Second Circuit. *Conteh v. United States*, No. 02-2730, docket entry dated 3/20/03 (2d Cir. 2003). In short, Petitioner has already submitted a § 2255 motion, and a second motion cannot be filed absent authorization by the Second Circuit.

Second, Petitioner has already attempted on numerous occasions to file second or successive § 2255 claims, and those attempts have been appropriately rebuffed by the courts. On more than one occasion the district court in the Southern District of New York took note of the fact that Petitioner was barred from filing another § 2255 motion without Court of Appeals authorization. *See United States v. Conteh*, No. 02 Civ. 1471(LAK), 2003 WL 22339178 (S.D.N.Y. Oct. 14, 2003); *United States v. Conteh*, No. 98 CRIM 0876(LAK), 2004 WL 957716 (S.D.N.Y. May 5, 2004). In three different orders — dated December 22, 2003; September 27, 2004; and March 10, 2005 — the Second Circuit denied all of Petitioner's applications for authorization to file a second and successive § 2255 motion. *See Conteh v. United States*, No. 05-0584, docket entry dated 3/10/05 (2d Cir. 2005); *Conteh v. United States*, No. 04-1944, docket entry dated 9/27/04 (2d Cir. 2004); *Conteh v. United States*, No. 03-3640, docket entry dated 12/22/03 (2d Cir. 2003).

### Addendum

The government does not seek a ruling in the District of Massachusetts on the merits of Petitioner's present claim. As previously discussed, the government agrees with this Court's decision of June 30, 2004, that this Court does not have jurisdiction over the present claim.

However, even if this matter were properly before this Court, it must be noted that the instant claim is identical to a claim raised before Judge Kaplan in the Southern District of New York. *Compare* Petitioner's Application (Dkt. #1), *with* Petitioner's Application, *Conteh v. United States*, No. 04-cv-11471-RCL (D. Mass. June 30, 2004), *and United States v. Conteh*, No. 98 CRIM.0876(LAK), 2004 WL 957716, at *1 (S.D.N.Y. May 5, 2004). Judge Kaplan discussed the allegation, determined that it was a § 2255 claim, and found it "baseless," but was precluded from ruling on the merits because there had been no Second Circuit authorization for a successive § 2255 petition. Although Judge Kaplan's decision denying the motion discussed the underlying facts, the court denied the motion chiefly on the procedural grounds that also apply to this Court today:

> Defendant has now filed another motion, this time to "reliev[e] defendant from all convictions" on the theory that the Assistant United States Attorney who tried his criminal case had not filed his oath of office as required by statute. The motion is supported by copies of documents obtained from the Department of Justice under the Freedom of Information Act which contain the requisite oaths with respect to the assistant, but which bear the handwritten notation "7(C)" in the place where the assistant's signature should appear.[1] But there is no proof that the assistant failed to file the required oath. Thus, even if the failure of an assistant to file the requisite oath provided a legal basis for upsetting a conviction, which is doubtful, plaintiff has failed to lay a factual predicate for his legal challenge.
>
> Unfortunately, this Court is unable authoritatively to resolve this baseless application at this time. As defendant seeks to upset his convictions, this application in substance is a Section 2255 motion. Defendant already has made and lost one Section 2255 motion. Under the Antiterrorism and Effective Death Penalty Act, this Court therefore lacks jurisdiction to consider a second Section 2255 motion absent authorization by the Court of Appeals.

*United States v. Conteh*, No. 98 CRIM.0876(LAK), 2004 WL 957716, at *1 (S.D.N.Y. May 5,

2004). In the footnote, Judge Kaplan pinpointed the critical fact that underlay Petitioner's

erroneous claim:

> The "7(C)" notation doubtless indicates a redaction of the assistant's signature on the
> copies provided to the defendant under FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C).

*Id.* n.1. Not surprisingly, Petitioner's key Exhibits in the instant case (which are themselves

identical to those previously filed with this Court in 2004) appear to match those described in

Judge Kaplan's decision.

Judge Kaplan's more recent response to a separate, unrelated filing by Petitioner further

illustrates that Petitioner's claims are essentially § 2255 motions challenging his conviction and

sentence. Under a motion filed January 18, 2005, Petitioner sought to have his sentence reduced

to less than twelve months. Judge Kaplan wrote:

> This application is so spare on facts that it is difficult to know what to make of it.
> There is no indication why defendant is in the Plymouth County Correctional Facility or
> what would be accomplished by reducing the sentence that he already has served. But the
> Court assumes that defendant, an alien, is in the custody of the Bureau of Immigration
> and Customs Enforcement ("BICE") pending removal proceedings or removal from the
> United States, that BICE has contracted with Plymouth County to house prisoners
> including defendant, and that a source of defendant's difficulty with BICE is that he was
> sentenced to a term of over one year.

*United States v. Conteh*, No. 98 CRIM.0876 LAK, 2005 WL 121729 (S.D.N.Y. Jan. 21, 2005).

Judge Kaplan denied the motion.

## Conclusion

For all of these reasons, this Court should summarily deny Petitioner's present

Application on jurisdictional grounds.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

VICTOR A. WILD
Assistant U.S. Attorney

## Certificate of Service

I, Victor A. Wild, AUSA, certify that I caused a copy of this motion to be served by first-class mail on John Conteh, #30365, Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts 02360 on April 25, 2005.

VICTOR A. WILD
Assistant U.S. Attorney

Attachment "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
'S OFFICE

2004 JUN 28 P 2: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOHN CONTEH
            Petitioner,

        V.

UNITED STATES OF AMERICA,
            Respondent

## APPLICATION FOR AN EMERGENCY WRIT OF FEDERAL HABEAS CORPUS PURSUANT TO 2241

PETITIONER, JOHN CONTEH APPEARING PRO SE AND PRESENTLY INCARCERATED IN THE PLYMOUTH COUNTY CORRECTIONAL FACILITY, IN PLYMOUTH, MASSACHUSETTS, BRINGS THIS INSTANT MOTION PURSUANT TO 28 USC § 2241.

THE BASIS OF MY PETITION IS ABOUT MY ILLEGAL CONVICTION FOR CONSPIRACY TO COMMIT BANK FRAUD AND FALSE STATEMENT IN THE SOUTHERN DISTRICT OF NEW YORK RESULTING IN ME BEING INCARCERATED BY THE INS AT THE ABOVE NAMED FACILTY SINCE JULY 2001 (3 YEARS GOING) AFTER SERVING TEN MONTHS AND TWO WEEKS FOR THIS CONVICTION.

## FACTS AND TRAVEL

A FOUR COUNT INDICTMENT 98-CR-876 (LAK) WAS FILED IN THE SOUTHERN DISTRICT OF NEW YORK ON AUGUST 11, 1998. CHARGING

1 ~~Conspiracy To Violat~~

Count   1.   Conspiracy To Violate   18 USC § 1344   and   513(a)
Count   2.   18   USC § 1344
Count   3.   18   USC § 513 (a)
Count   4.   18   USC § 1001

Petitioners  Co-Defendant  Was  Convicted  of Violating  Count 1

A Three Day Trial Was Conducted in The Southern District of New York Before The Honourable  Luis A. Kaplan  By The Assistant United States Attorney Aitan Goelman in December 1999.  See Exhibit B.

   The Jury Returned a Guilty Verdict After a Three Day Trial For Conspiracy To Commit Bank Fraud And False Statement. Defendant Was Sentenced To a Term of One Year And One Day, And ~~Three Years~~ Supervised Releas~~e~~, ~~To This~~ Restitution of $34200 ~~After The~~ (Contrary To The Jury Verdict That I Never Caused Money To Be Deposited, Nor Subsequently Caused Money To Be Withdrawn 18 USC § 1344 and 18 USC § 513(a). [My Co-defendant was also not Convicted of ~~Violating~~ Violating 18 USC § 1344 and 513 (a). See. United States v. Conteh, No. 9. CR. 876 (LAK) (SDNY July 24, 2000) (Jury Verdict Rendered on December 9, 1999), aff'd, Mandate, No. 00-1531 (2d Cir Mar. 6, 2001).

## Issue Presented.

1. The Trial Court Lack Subject Matter, And <sup>thus in</sup> Want of Jurisdiction To Hear Aitan Boelman, The Trial Assistant of The U.S. Attorney, For Unauthorized Representation ~~Before This~~ For The Government Without Taking The

OATH OF OFFICE REQUIRED BY FEDERAL STATUTE.
(PUB. L. 89. 554., Sept. 6, 1966, 80, Stat. 424)

2. MY RIGHT TOBE PROSECUTED BY AN AUTHORIZED GOVERNMENT PROSECUTER THAT TOOK HIS OATH OF OFFICE WAS VIOLATED.

### CASE

"ATTORNEYS FOR THE GOVERNMENT" ARE THOSE DESCRIBED IN F.R.C.P. 54 (c). IN TERMS RELEVANT HERE, THE ATTORNEY MUST BE AN AUTHORIZED "ASSISTANT" OF THE UNITED STATES ATTORNEY.

ACCORDINGLY, IF BY OMISSION OF THE TAKING OF THE OATH OF OFFICE, MR. AITAN GOELMAN WAS NOT AN AUTHORIZED ASSISTANT OF THE UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK ON DECEMBER 7, 8 and 9, 1999 .

MR. Goelman was not an "attorney for the Government" and his appearance before the Jury on these dates is a violation of federal Statute, and the Court is in want of Jurisdiction. +

CONGRESS HAS USED PLAIN LANGUAGE TO REQUIRE THAT AN ATTORNEY appointed TAKE AN OATH TO EXECUTE FAITHFULLY HIS DUTIES "BEFORE TAKING OFFICE".

THIS IS A NECESSARY CONDITION PRECEDENT TO THE EXERCISE OF AUTHORITY AS AN ASSISTANT OF THE UNITED STATES ATTORNEY, AND THAT CONDITION WAS NOT MET HERE.

THE OATH SOLEMNIZES THE APPOINTMENT AND SENSITIZES THE APPOINTED PERSON TO THE OBLIGATIONS AND LIMITATIONS OF THE OFFICE.

ADDITIONALLY, IT FORMALIZES THE APPOINTMENT AND WORKS AN OFFICIAL NOTIFICATION THAT THE APPOINTED PERSON REPRESENTS

THE GOVERNMENT OF THE UNITED STATES IN ITS PROSECUTING AUTHORITY AND BINDS THAT BRANCH OF GOVERNMENT TO THE ACTS OF THE APPOINTED PERSON.

IN TERMS FAMILIAR TO THE LAW OF AGENCY, THE OATH IS EVIDENCE OF ACTUAL AUTHORITY OF THE ATTORNEY AS AGENT AND THEREBY AVOIDS DISPUTES, WHICH COULD BE GENERATED BY RELIANCE UPON SOME APPARENT AUTHORITY.

IN LIGHT OF THE UNITED STATES CODE 5 USC § 3331, WHICH States in part

"AN INDIVIDUAL, EXCEPT THE PRESIDENT, ELECTED OR APPOINTED TO AN OFFICE OF HONOR OR PROFIT IN THE CIVIL SERVICE, SHALL TAKE THE FOLLOWING OATH" (See Exhibit B for Aitan Goelman)(Pub. L. 89 - 554, Sept 6, 1966, 80 Stat, 424.)

THE ONLY EXCEPTION UNDER THE STATUTE IS THE PRESIDENT. AN OFFICIAL OATH is AN INCIDENT TO THE DISCHARGE OF THE DUTIES IMPOSED. See. Pignatiello v. U.S, 582 F. Supp. 251 (D. Col.) AITAN GOELMAN, Esq, cannot discharge the duties imposed as assistant United States attorney without taking this OATH.

THUS, THE COURT LACKED JURISDICTION TO HEAR A CASE FROM AITAN Goelman as United States Attorney. (see Am. Jur. 2d. Public Officers & employees § 126) OATH and affirmation required by federal Statute.

Furthermore, 5 USC § 3332 States the following: "AN OFFICER, WITHIN 30 DAYS AFTER THE Effective date of his appointment, shall file with the oath required by Section 3331 OF THIS title an affidavit that Neither he nor any one acting in his behalf has given, transferred, promised or paid any Consideration

FOR OR IN THE Expectation or Hope of receiving Assistance in Securing the appointment".

Mr. Aitan Goelman was appointed on September 13, 1998 and this is 2004, he is required by Federal Statute. The oath and Affirmation are required by Federal Statute.

Absent a Showing that, Aitan Goelman fulfilled this requirement under federal Statute. The Court had no Jurisdiction to Consider a Case from Aitan Goelman without Supervision under an authorized Assistant United States Attorney who took the Oath.

Since petitioner Was Convicted in this Case presented by Mr. Goelman who was not authorized by federal Statute, my Conviction is in Violation of Federal Statute, and thus the Constitution.

Wherefore, this honourable Court should dismiss this Conviction, and or Ordered ~~the~~ the petitioner to be ~~being~~ prosecuted by an authorized Assistant United States attorney.

<u>Please See exhibit.</u>

A — Cover letter from U.S. department of Justice (request # 03 - 3850 under the freedom of information Act.)

B — Appointment Affidavits for Aitan Goelman "did not take this oath of Office as required by federal Statute.

c — Appointment affidavits for Daniel M. Gitner,
    "took OATH OF OFFICE AS REQUIRED By
    federal statute"

        Daniel M. Gitner

Based on the foregoing, Petitioner respectfully
moves this Court for such and further relief.

Dated: 25th June, 2004                Sincerely Yours,
Plymouth, MASSACHUSETTS.              John Conteh
18 June, 2004.                        26 Long Pond Road,
                                      Plymouth, MA - 02360



X-A

U.S. Department of Justice

FILED    FEB 26 200?

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit   CE
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 1800 208-0464 FAX

2004 JUN 28 P 2 47

U.S. DISTRICT COURT

Requester: John Conteh

Request Number: 03-3850

Subject of Request: <u>AUSAs Aitan D. Goelman & Daniel M. Gitner</u>
<u>(Oath of Office)/NYS</u>.

Dear Requester:

    Your request for records under the Freedom of Information
Act/Privacy Act has been processed.  This letter constitutes a
reply from the Executive Office for United States Attorneys, the
official record keeper for all records located in this office and
the various United States Attorneys' offices.  To provide the
greatest degree of access authorized by the Freedom of Information
Act and the Privacy Act, we have considered your request in light
of the provisions of both statutes.

    All of the records you seek are being made available to you.
We have also processed your request under the Freedom of
Information Act and are making all records required to be
released, or considered appropriate for release as a matter of
discretion, available to you.  **Therefore, by this letter we
authorize the partial release of 2 pages** (See enclosed Appointment
Affidavits for AUSAs Goelman & Gitner).

    This is the final action my office will take on EOUSA case
03-3850.

                                    Sincerely,

                                    L Marie A. O'Rourke
                                      Assistant Director


Enclosures


Form No. 021A - 9/02



Revised June 1976
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

FILED
CLERKS OFFICE

2004 JUN 28  P 2: 47

9/13/98

United States Attorney
*(Position to which appointed)*

U.S. DISTRICT COURT
DISTRICT OF MASS

Department of Justice
*(Department or agency)*

U.S. Attorney's Office
*(Bureau or Division)*

New York, NY
*(Place of employment)*

I,  Aitan Goelman , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this _____ day of _____, 19_____,

at _____
*(City)*

*(State)*

[SEAL]

*(Signature of officer)*

Personnel Officer
*(Title)*

Commission expires _____
(If by a Notary Public, the date of expiration of his/her
Commission should be shown)

NOTE.—*The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

NSN 7540-00-634-4015

GPO : 1993 O – 353-835

Prior Edition Usable

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 296
61-107

OMB APPROVAL NO. 50-R0116

# APPOINTMENT AFFIDAVITS

Assistant United States Attorney

(Position to which appointed)

December 07, 1997

(Date of appointment)

Department of Justice

(Department or agency)

US Attorney's Office - SDNY

(Bureau or division)

New York, New York

(Place of employment)

I, _____ Daniel M. Gitner _____, do solemnly swear (or affirm) that

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

(Signature of appointee)

Subscribed and sworn (or affirmed) before me this 8th day of December A.D. 1997

at New York

(City)

New York

(State)

[SEAL]

Commission expires _____

**If by a Notary Public, the date of expiration of his Commission should be shown)**

(Signature of officer)

Personal Assistant

(Title)

RIP
b7C

Attachment "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CONTEH,                          )
                    Petitioner,        )
                                       )
        v.                             )  C.A. No. 04-11471-RCL
UNITED STATES OF AMERICA,              )
                    Respondent.        )

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed and the Clerk shall enter a notation on the docket stating that Conteh has not paid or sought a waiver of the $5 filing fee for this action.

## BACKGROUND

On June 28, 2004, petitioner John Conteh, an immigration detainee being held at the Plymouth County Correctional Facility, filed an application for an "emergency" writ of habeas corpus under Section 2241. Conteh contends that his August 1998 convictions in the Southern District of New York are defective because the United States attorneys who prosecuted him did not properly take their oaths of office. Petition, p. 2-6. Thus, Conteh claims the Southern District of New York lacked jurisdiction to adjudicate his criminal case. Id. Conteh did not submit the $5 filing fee for this action or seek a waiver of it.

## ANALYSIS

### I. The Court May Screen This Action

Although Conteh brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

A.    A Section 2241 Petition May Not Be Used to Challenge a Sentence

A writ of habeas corpus pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."). A Section 2255 petition encompasses claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255; see Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (citations omitted) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

In contrast to Section 2255, a motion pursuant to Section 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers,

2

types of detention and prison conditions.  See United States v. Barrett, 178 F.3d 34, 50 n. 10 (1999) (petitions pursuant to § 2241 generally attack the execution of a sentence); accord Thompson v. United States, 536 F.2d 459, 460 (1ˢᵗ Cir. 1976) (same); cf. Gonzalez v. United States, 150 F. Supp. 2d 236, 242 (D. Mass. 2001) (§ 2241 petition is not the "appropriate vehicle" to challenge a sentence).

Conteh seeks habeas relief on the ground that the Southern District of New York, the trial and sentencing court, lacked jurisdiction because the assistant United States Attorneys who prosecuted the criminal charges had not properly taken their oaths of office.[1]  This challenge does not involve the manner, location, or conditions of petitioner's sentence.  Rather, he is attacking the validity of the imposition of the sentence, which is generally within the domain of a habeas petition under Section 2255.  Thus, petitioner is challenging the legality of his sentence, and if such a claim is viable at all, his avenue of relief is only through Section 2255.  Gonzalez, 150 F. Supp. 2d at 242.

B. .  The Appropriate Remedy

In certain circumstances, a claim improperly brought under Section 2241 may be treated by the Court procedurally as one brought pursuant to Section 2255.  This is not appropriate here, however, because Conteh was sentenced in the Southern District of New York, and this Court thus lacks

---

[1]Conteh apparently obtained copies of the oaths of the assistant United States Attorneys who prosecuted him pursuant to the Freedom of Information Act ("FOIA"), and attaches them as exhibits to his petition.  Conteh does not state exactly why he believes the oaths to be invalid, and I express no view on the merits of this claim.  However, I note that the Southern District of New York apparently has rejected Conteh's claims that the handwritten notation "7C" on the signature line of the oaths somehow renders them invalid.  United States v. Conteh, 98 CROM.0876 (LAK), 2004 WL 957716, at *1 n. 1 (S.D.N.Y. May 3, 2004) (referring to petition as "baseless" and transferring it to Second Circuit as "second and successive" § 2255 petition; notation was a redaction pursuant to FOIA exemption 7(C)); 5 U.S.C. § 552(b)(7)(C).

3

jurisdiction over any Section 2255 petition by him. <u>See</u> 28 U.S.C. § 2255 (prisoner must file motion in court which imposed the sentence). Given that it appears that Conteh has a filed at least one previous Section 2255 motion and that the Second Circuit is considering his application to file a "second or successive"Section 2255 motion, dismissal of the petition is the most appropriate course of action. <u>See</u> 28 U.S.C. §§ 2255; 2244.

CONCLUSION

Accordingly, for the reasons stated above, this action is dismissed and the Clerk shall enter a notation on the docket stating that Conteh has not paid or sought a waiver of the $5 filing fee for this action.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>30th</u> day of <u>June</u>, 2004.

<u>s/ Reginald C. Lindsay</u>
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE

4