Page 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

JOHN CONTEH,
       PETITIONER,

    V.

SHERIFF PLYMOUTH JAIL,
BICE DISTRICT DIRECTOR,
GONZALES - UNITED
STATES ATTORNEY GENERAL, et al
  RESPONDENTS

CASE NUMBER:
1: 05-CV-10586 RCL

PETITIONERS REPLY TO RESPONDENTS "APRIL
25th, 2005 MOTION (hereinafter "OPPOSITION")

PETITIONER WOULD LIKE TO REMIND THIS COURT
HONOURABLY THAT, PETITIONER IS A PRO SE LITIGANT
AND SHOULD BE HELD TO LESS STRINGENT
STANDARD THAN PROFESSIONAL LAWYERS. See HAINES
V. KERNER, 404 U.S. 519, 30 Led 2d 652 92 S.Ct 594

Page 2

# THIS COURT HAS JURISDICTION

JURISDICTION FOR HABEAS PETITION (2241) FILED BY FEDERAL PRISONER PROPERLY LIES IN DISTRICT COURT WITH JURISDICTION OVER PRISONER'S CUSTODIAN, EVEN WHEN PRISIONER CHALLENGES VALIDITY RATHER THAN EXECUTION OF HIS SENTENCE. 28 U·S·C·A § 2241; See U·S· V· NORTON, 119 F· Supp· 2d 43 (D·MASS·2000)

## INTRODUCTION

THE INSTANT PETITIONER CHALLENGES HIS INDEFINITE DETENTION BY HIS AFOREMENTIONED CUSTODIANS AS UNCONSTITUTIONAL.

PETITIONER CLAIMS ACTUAL AND LEGAL INNOCENCE OF A DEPORTABLE CRIME.

AS REASONS THEREFORE, PETITIONER CONTINUES TO RAISE THE FOLLOWING SUBSTANTIAL CONSTITUTIONAL QUESTION.

1. WHETHER THE TRIAL COURT HAD SUBJECT MATTER JURISDICTION OVER A TRIAL CONDUCTED BY A PROSECUTING ATTORNEY WHO DID NOT HAVE THE STATUTORY AUTHORITY TO REPRESENT THE UNITED STATES UNDER UNITED STATES V. PROVIDENCE JOURNAL 485 U·S· 693 (1988) ?

Page 3

## STATEMENT OF JURISDICTION

PETITIONER SEEKS HABEAS CORPUS RELIEF PURSUANT TO 28 USC Sec. 2241.

THE PETITIONER IS EXPLICITLY SEEKING RELEASE FROM AN INDEFINITE DETENTION, NOW OVER THREE YEARS BY HIS CUSTODIANS, WHEN HE IS ACTUALLY AND LEGALLY INNOCENT OF A DEPORTABLE CONVICTION ADJUDICATED IN A DISTRICT COURT WHICH DID NOT HAVE JURISDICTION OVER A CRIMINAL TRIAL CONDUCTED BY A PROSECUTING ATTORNEY "AITAN GOELMAN" NOT AUTHORIZED BY THE UNITED STATES.

THE PETITIONER IS NOT ATTACKING HIS SENTENCE OR THE CONDITIONS OF HIS CONFINEMENT, BUT CLAIMING ACTUAL AND LEGAL INNOCENCE OF A DEPORTABLE OFFENSE

PETITIONERS CUSTODIANS ARE LOCATED WITHIN THE JURISDICTION OF THIS COURT.

PURSUANT TO RUMSFELD V. PADILLA, 2004 WL 1432135 (2004) NO COURT OTHER THAN THIS COURT WILL HAVE HABEAS JURISDICTION. HENCE THERE IS NO JURISDICTIONAL LIMITATION TO THIS COURTS AUTHORITY IN GRANTING APPROPRIATE RELIEF TO THE PETITIONER.

IMMEDIATELY AFTER DISCOVERING AND OBTAINING THE PROOF OF THE JURISDICTIONAL DEFECT IN 2004, PETITIONER

Page 4

FILED A WRIT OF HABEAS IN THIS COURT. THAT PETITION
WAS SUMMARILY DISMISSED WITHOUT PREJUDICE, AS THE
PARTY NAMED WAS NOT PETITIONERS CUSTODIANS AS
REQUIRED UNDER 28 U·S·C· Sec. 2241.

PETITIONER WAS NOT GIVEN AN OPPORTUNITY TO AMEND
THE PETITION OR ADD PARTIES TO PERFECT THE
COURTS JURISDICTION. See CONTEH V UNITED STATES -04-11471
-RCL (2004).

SINCE THE CUSTODIANS ARE PROPERLY NAMED AS
RESPONDENTS, AND THE CLAIMS ARE OF "ACTUAL AND
LEGAL INNOCENCE" FOR LACK OF JURISDICTION, THE
BASIS FOR HABEAS JURISDICTION IS ESTABLISHED See
ALSO STANDARD OF REVIEW.

## STANDARD OF REVIEW

BECAUSE SUBJECT-MATTER JURISDICTION INVOLVES
A COURTS POWER TO HEAR A CASE, IT CAN NEVER
BE FORFEITED OR WAIVED, THUS DEFECTS REQUIRE
CORRECTION REGARDLESS OF WHETHER THE ERROR
WAS RAISED IN DISTRICT COURT" SEE UNITED STATES
V· COTTON, 535 U·S· 625 (2002).

THE EVIDENCE OF JURISDICTIONAL DEFECT WAS NOT

Page 5

AVAILABLE DURING THE FILING OF PETITIONERS 28 USC § 2255 PETITION IN 2002.

IT WAS ONLY AFTER PETITIONERS' SUSTAINED EFFORTS AND CONSTANT STRUGGLE THAT THE EVIDENCE WAS ACQUIRED FROM THE OFFICE OF PERSONNEL MANAGEMENT THRU THE EXECUTIVE OFFICE OF THE UNITED STATES ATTORNEYS OFFICE, THAT EVIDENCE WAS PRESENTED TO THE TRIAL COURT FOR ERROR WHICH WAS DISMISSED WITHOUT REACHING THE MERITS.

## ARGUMENTS

## I

THIS HONOURABLE COURT SHOULD ORDER PETITIONERS IMMEDIATE RELEASE AS RESPONDENTS HAVE FAILED TO RESPOND TO THE ISSUE BEFORE THIS COURT IN THE INSTANT PETITION.

THIS COURT HAD ISSUED AN ELECTRONIC ORDER TO THE RESPONDENT ON MARCH 28th, 2005 TO RESPOND TO THIS INSTANT PETITION WITHIN 20 DAYS OF THE ORDER.

AROUND THE EXPIRATION OF THE 20 DAY PERIOD, THE RESPONDENT FILED A MOTION WITH THIS COURT FOR AN EXTENSION OF TIME TO INCLUDE MAY 1, 2005.

RESPONDENT HAS FILED A RESPONSE DATED APRIL 25th, 2005 TO THIS COURT.

DESPITE THE FACT THAT PETITIONERS CUSTODIANS ARE LOCATED WITHIN THE JURISDICTION OF THIS COURT AND PURSUANT TO RUMSFELD v. PADILLA, 2004 WL 1432135 U·S· SUPREME (2004), NO COURT OTHER THAN THIS COURT WILL HAVE HABEAS JURISDICTION.

THE RESPONDENT ARGUES THAT ANOTHER COURT WITHOUT JURISDICTION OVER PETITIONERS CUSTODIANS IS THE COURT TO FILE A SECTION 28 U·S·C §2241, AND REFUSED TO RESPOND TO THE JURISDICTIONAL ISSUE BEFORE THIS COURT UNDER **UNITED** STATES V. PROVIDENCE JOURNAL, 485 U·S· 693 (1988).

UNDER BOTH RULES 12(b)(6) AND 12(b)(1), THE COURT MUST TAKE AS TRUE THE WELL PLEADED FACTS AS THEY APPEAR IN THE PETITION AND HABEAS EXHIBITS, EXTENDING THE PETITIONER EVERY REASONABLE INFERENCE IN HIS FAVOR See. KIELLY, 105 F·3d at 735; NEGRON - GAZTAMBIDE V· HERNANDEZ - TORRES, 35 F·3d 25, 27 (1st Cir. 1994).

THE PETITIONER IS REQUIRED ONLY TO "SET FORTH . . .

A SHORT AND PLAIN STATEMENT OF THE CLAIM SHOWING THAT THE PETITIONER IS ENTITLED TO RELIEF", Fed. R. Civ. P. 8(a)(2)"

SUCH A STATEMENT MUST SIMPLY GIVE THE REPONDENTS FAIR NOTICE OF WHAT THE PETITIONERS CLAIM IS AND THE GROUNDS UPON WHICH IT RESTS". SWIERKIEWILZ V. SOREMA N.A., 534 U.S. 506, 512 (2002).

THE RESPONDENT HAS REFUSED TO ANSWER TO THE ISSUE BEFORE THIS COURT, THIS HONOURABLE COURT SHOULD RENDER A DECISION IN PETITIONERS FAVOR GRANTING THE RELIEF SOUGHT BY PETITIONER.

THE SUPREME COURT IN PROVIDENCE JOURNAL, SUPRA, HELD THAT WHERE AN ATTORNEY PURPORTEDLY REPRESENTING THE UNITED STATES IS WITHOUT AUTHORITY TO DO SO," WE MUST DISMISS THE heretoFORE GRANTED WRIT OF CERTIORARI FOR WANT OF JURISDICTION" Id at 699, 108 S.ct. at 1506.

THE ISSUE OF THE EFFECT OF UNAUTHORIZED REPRESENTATION AROSE BECAUSE, GENERALLY SPEAKING, UNDER 28 USC § 1254 (1) ONLY THE SOLICITOR GENERAL MAY AUTHORIZED THE FILING OF A PETITION FOR CERTIORARI IN THE SUPREME COURT ON BEHALF OF THE UNITED STATES (FN.3).

8

IN PROVIDENCE JOURNAL, HOWEVER, THE COURT HAD GRANTED
CERTIORARI, UPON THE PETITION OF A SPECIAL PROSECUTOR,
WHICH HAD BEEN FILED WITHOUT PERMISSION OF THE
SOLICITOR GENERAL.

THE COURT CONCLUDED THAT, THE PETITION FOR CERTIORARI
WAS TENDERED AND PROSECUTED BY AN ATTORNEY WHO,
UNDER THE STATUTE, HAS NO AUTHORITY TO REPRESENT
THE UNITED STATES, AND HELD THAT UNDER SUCH
CIRCUMSTANCES IT WAS WITHOUT JURISDICTION TO ENTERTAIN
THE LITIGATION.

AS WITH PROCEEDINGS BEFORE THE SUPREME COURT,
THE CONGRESS HAS ALSO LIMITED THOSE WHO MAY
APPEAR ON BEHALF OF THE UNITED STATES IN
SUBORDINATE COURTS.

IT HAS PROVIDED THAT SUCH APPEARANCE IS LIMITED
TO OFFICIALS OF THE DEPARTMENT OF JUSTICE. See
28 USC § 516. (FN 4) AND THE AUTHORITY TO
PROSECUTE FEDERAL CRIMES IS FURTHER LIMITED TO
THE UNITED STATES ATTORNEY FOR THE DISTRICT. SEE ALSO
28 U.S.C. § 547 (1).

THE CONGRESS HAS, HOWEVER, PROVIDED FOR THE
APPOINTMENT OF ASSISTANTS TO AID THE UNITED
STATES ATTORNEY IN THE DISCHARGE OF HIS DUTIES.
See 28 USC § 543 (a).

9

BECAUSE ONLY THE UNITED STATES ATTORNEY, WHETHER PERSONALLY OR THROUGH HIS ASSISTANT, MAY APPEAR IN CRIMINAL CASES, IT WOULD SEEM TO FOLLOW THAT A CRIMINAL CASE PROSECUTED BY AN UNAUTHORIZED ATTORNEY IS NON COGNIZABLE.

FOR THAT REASON, THE DISTRICT COURT, ALTHOUGH HAVING SUBJECT MATTER JURISDICTION "OF ALL OFFENSES AGAINST THE LAWS OF THE UNITED STATES" SEE 18 USC § 3231, IS, UNDER PROVIDENCE JOURNAL, WITHOUT JURISDICTION OVER SUCH CASES. SEE UNITED STATES V. DURHAM, 941 F.2d 886 (9th Cir. 1991).

SINCE JURISDICTION IMPLIES THE POWER TO HEAR AND DETERMINE A CAUSE, UNITED STATES V. O'GRADY, 89 U.S. 641, 647, 22 WALL 641, 22 L.ed. 772 (1875), IN THE ABSENCE OF JURISDICTION A COURT MAY NEITHER HEAR NOR DISPOSE OF A CASE.

BECAUSE JURISDICTION GOES TO THE POWER OF THE COURT TO ACT, JURISDICTIONAL DEFECTS CANNOT BE WAIVED. SEE. e.g. AMERICAN FIRE AND CASUALTY CO. V. FINN; 341 U.S. 6, 17-18, 71 S.ct. 534, 541-542, 95 L.Ed. 702 (1951) (SUPERSEDED BY STATUTE ON OTHER GROUNDS), AND, FOR THE SAME REASONS, ARE NOT SUBJECT TO HARMLESS ERROR ANALYSIS. GOMEZ V. UNITED STATES, 490 U.S. 858, 876, 109 S.ct 2237, 2248, 104 L.ed.2d. 923 (1989) (MAGISTRATE LACKS

10

Jurisdiction to voir dire Felony Jury and Conviction must be Reversed without regard to whether error harmless).

In Sum, the Court understands the cases to Hold that on one Hand where an Attorney, Acting Essentially without Supervision who is not Authorized to Represent the United States, Presents the case to the Grand Jury, or Perhaps otherwise Conducts all of the Proceedings, a Jurisdictional defect is Tendered and the Proceedings are a Nullity,

In this case, Aitan Goelman who did not take his Oath of Office as mandated by Statute and the Constitution of the United States, Article 2, Section 1, and Art. VI., U.S. Constitution, 5 USCA § 3331 Pub. L. 89-554, Sept. 6, 1966, 80 Stat. **424**.

The intention of the Legislature is to be Collected from the words they Employ. Where there is no Ambiguity in the words, there is no Room for Construction.

The Term "**OATH**" under **1 USC §1**, Which Reads:

In determining the meaning of any Act of

//

CONGRESS, UNLESS THE CONTEXT INDICATES OTHERWISE. — "' "OATH" INCLUDES AFFIRMATION, AND "SWORN" INCLUDES AFFIRMED (JULY 30, 1947, C. 388, 61 Stat, 633; June 25, 1948, C. 645, § 6, 62 Stat. 859; Oct 31, 1951, C. 655, § 1, 65 Stat. 710) See Also ARTICLE 2, SECTION 1, AND ART. VI, U.S. CONSTITUTION.

THE TERM "AFFIRM": TO MAKE AFFIRMATION; TO MAKE A SOLEMN AND FORMAL DECLARATION OR ASSEVERATION THAT AN AFFIDAVIT IS TRUE. BLACK'S LAW DICTIONARY WITH PRONUNCIATIONS. PP. 37 (CENTENNIAL EDITION (1891 – 1991)

THE TERM 'SWEAR" "SWORN" : TO PUT ON OATH; TO ADMINISTER AN OATH TO A PERSON; TO TAKE AN OATH; TO BECOME BOUND BY AN OATH DULY ADMINISTERED; TO DECLARE ON OATH THE TRUTH. BLACK'S LAW DICTIONARY WITH PRONUNCIATIONS. PP. 1010 CENTENNIAL EDITION (1891 – 1991).

OATH OF OFFICE: VARIOUS DECLARATION OF PROMISES, MADE BY PERSONS WHO ARE ABOUT TO ENTER UPON THE DUTIES OF PUBLIC OFFICE, CONCERNING THEIR PERFORMANCE OF THAT OFFICE.

AN OATH OF OFFICE IS REQUIRED BY FEDERAL AND STATE CONSTITUTIONS, AND BY VARIOUS STATUTES, TO BE MADE BY MAJOR AND MINOR OFFICIALS. See.

12

e.g. 28 USCA § 544 (U.S. Attorneys). Blacks' Law Dictionary WITH Pronunciations (Centennial Edition (1891-1991) pp 739).

"Attorneys For The Government" Are Those Described in F.R.C.P. 54(c).

In Terms Relevant Here, The Attorney must Be An Authorized "Assistant" Of The United States Attorney.

Accordingly, If By Omission Of The Taking Of The Oath Of Office, Which is Mandated Under The Statute And Constitution Of The United States, Aitan Goelman Was Not An Authorized Assistant Of The United States Attorney On December 7, 8, And 9, 1999. 5 USC § 3331; 28 USC § 544; Article 2, Section 1, And Article VI U.S. Constitution.

Quoting Providence Journal, Supra, Where Attorney, Acting Essentially Without Supervision. Who is Not Authorized To Represent The United States, Presents A Case To Grand Jury, Or Otherwise Conduct All The Proceedings, Jurisdictional Defect is Tendered And Proceedings Are A Nullity. U.S. V. Navarro, 959, F. Supp. Quoting

13

QUOTING Nguyen v. U.S. 123 S. Ct. 2130, 539
U.S. 69 (U.S. 2003) "IF THE STATUTE MADE
HIM INCOMPETENT TO SIT AT THE HEARING,
THE DECREE IN WHICH HE TOOK PART
WAS UNLAWFUL, AND PERHAPS ABSOLUTELY VOID,
AND SHOULD CERTAINLY BE SET ASIDE OR
QUASHED BY ANY COURT HAVING AUTHORITY
TO REVIEW IT BY APPEAL, ERROR OR CERTIORARI."
, MR. ATTAN GOELMAN WAS NOT AN
"ATTORNEY FOR THE GOVERNMENT" AND HIS
APPEARANCE BEFORE THE JURY ON THOSE
DATES ALONE, SUPRA, IS A VIOLATION OF FEDERAL
STATUTE AND THE CONSTITUTION OF THE
UNITED STATES. THE PROCEEDING IS A NULLITY.
See 5 USCA § 3331; 5 USCA § 2903 (a); § 2903(b)
§ 2903 (b)(1)(2); 28 USC § 544 (added. Pub.
L. 89-554, § 4 (c), Sept. 6. 1966, 80 Stat.
618); ARTICLE 2, Section 1, Art. VI, U.S. CONSTITUTION;
1 USC § 1; Federal Rules of CRIMINAL PROCEDURE
54(c) "OATH INCLUDES AFFIRMATION".
    THE OATH OF OFFICE REQUIRED BY SECTION
3331 OF TITLE 5 IS INCIDENT TO ENTRANCE
INTO THE EXECUTIVE BRANCH, 5 USC § 2903(b)(1);
5 USC § 3331.

14

It could be said that Aitan Goelman never entered the Executive Branch of the Government by not taking the oath mandated by Congress; 28 USC § 544.

Since "OATH" includes affirmation, and "SWORN" means "AFFIRMED" see 1 USC § 1, and Aitan Goelman oath was never "AFFIRMED" or "SWORN" as required by Federal Statute, HE never took the OATH, and thus, HE never entered, and thus unauthorized to represent the United States, and the proceedings are a nullity.

"If the Statute made him incompetent to sit at the hearing. The decree in which he took part was unlawful, and perhaps absolutely void, and should certainly be set aside or quash by any court having authority to review it by appeal, error or certiorari". Quoting Nguyen S.Ct (U.S. 2004), Supra.

The intention of the legislature is to be collected from the words they employ, where there is no ambiguity in the words, there is no room for construction. United States v. Wiltberger, 5 Wheat. 76, 95-96, 5 L.ed. 37. Supra.

The Congress has used plain language to require that an attorney appointed take an oath to execute faithfully his duties "BEFORE TAKING OFFICE". This is a necessary condition precedent to the exercise of authority as an assistant of the United States Attorney, and that condition was not met here.

28 USC § 544 reads:

Each United States Attorney, Assistant United States Attorney, and attorney appointed under Section 543 of this title, "BEFORE TAKING OFFICE", shall take an oath to execute faithfully his duties (Added Pub. L. 89-544, § 4(c), Sept. 6, 1966, 80 Stat. 618)

Interestingly, 1 USC § 1 made it clear that in determining the meaning of any Act of Congress, unless the context indicates otherwise — "OATH" includes affirmation, and "SWORN" includes "AFFIRMED".

5 USC § 3331, 28 USC § 544 ; Article 2, Section 1, and Art. VI, U.S. Constitution are affirmative statutes that direct the doing of an act or declares what shall be done.

Aitan Goelman' appointment affidavit was NEVER affirmed and/or sworn.

16

ABSENT ANY **AFFIRMATION** AND SWEAR, THERE IS NO OATH UNDER THE LAWS OF THE UNITED STATES. SEE EXHIBIT OF AITAN GOELMAN'S AFFIDAVIT WITH ORIGINAL PETITION.

**AFFIRM** MEANS TO MAKE AFFIRMATION, TO MAKE A SOLEMN AND FORMAL DECLARATION OR ASSEVERATION THAT AN **AFFIDAVIT** IS TRUE, THAT THE WITNESS IS TELLING THE TRUTH. BLACK'S LAW DICTIONARY WITH PRONUNCIATION, PP 37, CENTENNIAL EDITION 1891–1991.

**SWEAR**, **SWORN** MEANS TO PUT ON OATH, TO ADMINISTER AN OATH TO A PERSON, TO TAKE AN OATH, TO BECOME BOUND BY AN OATH DULY ADMINISTERED. BLACKS LAW DICTIONARY WITH PRONUNCIATIONS, PP. 1010, CENTENNIAL EDITION 1891–1991.

THE OATH SOLEMNIZES THE APPOINTED AND SENSITIZES THE APPOINTED PERSON TO THE OBLIGATIONS AND LIMITATIONS OF THE OFFICE.

IT FORMALIZES THE APPOINTMENT AND WORKS AN OFFICIAL NOTIFICATION THAT THE APPOINTED PERSON REPRESENTS THE GOVERNMENT OF THE UNITED STATES IN ITS PROSECUTING AUTHORITY AND BINDS THAT BRANCH OF GOVERNMENT TO THE ACTS OF THE APPOINTED PERSON.

THE **OATH** IS EVIDENCE OF ACTUAL AUTHORITY OF THE

ATTORNEY AS AGENT AND THEREBY AVOIDS DISPUTES, WHICH COULD BE GENERATED BY RELIANCE UPON SOME APPARENT AUTHORITY.

IN LIGHT OF 5 USC § 3331, WHICH STATES IN PART: "AN INDIVIDUAL, EXCEPT THE PRESIDENT, ELECTED OR APPOINTED TO AN OFFICE OF HONOUR OR PROFIT IN THE CIVIL SERVICE, SHALL TAKE THE FOLLOWING OATH" [SEE EXHIBIT FOR AITAN GOELMAN WITH ORIGINAL PETITION] (PUB. L. 89 - 554, Sept. 6, 1966, 80 Stat. 424.).

THE ONLY EXCEPTION UNDER THE STATUTE IS THE PRESIDENT, AND AITAN GOELMAN WAS NOT, AND IS NOT THE PRESIDENT OF THE UNITED STATES, THUS, HE IS NOT EXEMPTED BY THE STATUTE.

AITAN GOELMAN CANNOT DISCHARGE THE DUTIES IMPOSED AS ASSISTANT UNITED STATES ATTORNEY WITHOUT TAKING THE OATH.

AITAN GOELMAN'S APPOINTMENT AFFADAVIT WAS NEVER AFFIRMED OR SWORN, THUS HE NEVER PUT ON THE OATH REQUIRED BEFORE ENTRY TO THE EXECUTIVE BRANCH, AND THUS WAS NOT AUTHORIZED ABSENT HIM TAKING THE OATH.

AN OATH OF OFFICE IS REQUIRED BY FEDERAL CONSTITUTION BY PERSONS WHO ARE ABOUT TO ENTER UPON THE DUTIES OF A PUBLIC OFFICE, CONCERNING THEIR PERFORMANCE OF THAT OFFICE, AND THE

*18*

AND THE OATH INCLUDES AFFIRMATION, AND SWORN
MEANS AFFIRMED Sec. 28 USC § 544 (U.S. ATTORNEYS)
ARTICLE 2, SECTION 1, AND ART VI, U.S. CONSTITUTION.

AITAN GOELMAN WAS APPOINTED ON SEPTEMBER
13, 1998 AND THIS IS 2005.

AITAN GOELMAN NEVER SHOWED UP FOR HIS
APPOINTMENT AFFIDAVIT TO TAKE THE OATH REQUIRED
BY FEDERAL STATUTE, AND THUS NEVER ENTERED
WITHOUT THIS OATH, AND WAS UNAUTHORIZED TO
REPRESENT THE UNITED STATES ON THOSE DATES WITHOUT
SUPERVISION BY AN AUTHORIZED PERSON TO REPRESENT
THE UNITED STATES.

SINCE PETITIONER WAS CONVICTED IN A TRIAL
CONDUCTED SOLELY BY A PERSON PURPORTEDLY
ACTING AS ASSISTANT OF THE UNITED STATES ATTORNEY,

THE PROVIDENCE JOURNAL DOCTRINE, SUPRA, SHOULD
APPLY, THERE, THE SUPREME COURT HELD THAT, WHERE
AN ATTORNEY PURPORTEDLY REPRESENTING THE UNITED
STATES IS WITHOUT AUTHORITY TO DO SO, " WE MUST
DISMISS THE HERETOFORE GRANTED WRIT OF
CERTIORARI FOR WANT OF JURISDICTION" Id at 699,
108 S. ch al 1506, Supra.

IN U.S. v. PIGNATIELLO, 582 F. Supp. 251
( Colo. 1984), THE COURT APPLIED THE PROVIDENCE

19

JOURNAL PRINCIPLE, AND HELD THAT, ABSENT TAKING OF THE OATH, ATTORNEY IN QUESTION WAS NOT AN "ATTORNEY FOR THE GOVERNMENT" ENTITLED TO BE PRESENT IN PROCEEDING, AND VIOLATION WAS NOT CURED BY SUBSEQUENT TAKING OF THE OATH INDICTMENT DISMISSED.

THE OATH WAS THE OATH REQUIRED BY 28 USC § 544, PROVIDING AS FOLLOWS:

"EACH ATTORNEY APPOINTED UNDER SECTION 543 OF THIS TITLE, BEFORE TAKING OFFICE, SHALL TAKE AN OATH TO EXECUTE FAITHFULLY HIS DUTIES.

AITAN GOELMAN AFFIDAVIT IS NOT "AFFIRMED" OR "SWORN" "SWEAR" AS REQUIRED BY FEDERAL STATUTE.

AS THE SUPREME COURT RECENTLY HELD:

"IF THE STATUTE MADE HIM INCOMPETENT TO SIT AT THE HEARING, THE DECREE IN WHICH HE TOOK PART WAS UNLAWFUL, AND PERHAPS ABSOLUTELY VOID, AND SHOULD CERTAINLY BE SET ASIDE OR QUASH BY ANY COURT HAVING AUTHORITY TO REVIEW IT BY APPEAL, ERROR, OR CERTIORARI," Nguyen V. U.S. 123, S. Ct 2130, 539 U.S. 69 (U.S. 2004)

SINCE THE SUPREME COURT HAS SPOKEN, THE LOWER COURTS CANNOT INTERPRET THE STATUTE DIFFERENTLY. SEE RIVERS V. ROADWAY EXPRESS, INC., 511 U.S. 298, 312-313 (1994) ("IT IS THIS COURT'S

20

RESPONSIBILITY TO SAY WHAT A STATUTE MEANS, AND ONCE THE COURT HAS SPOKEN, IT IS THE DUTY OF OTHER COURTS TO RESPECT THAT UNDERSTANDING OF THE GOVERNING RULE OF LAW")

SINCE PETITIONER'S DETENTION STEMS FROM A TRIAL CONDUCTED BY AN AUTHORIZED ATTORNEY FOR THE GOVERNMENT, THE PROCEEDINGS ARE A NULLITY, PROVIDENCE JOURNAL, SUPRA.

THIS COURT SHOULD RELEASE PETITIONER IMMEDIATELY FROM HIS DETENTION.

PLEASE SEE EXHIBIT OF S.D.N.Y. X-A
" TO THE EXTENT THAT DEFENDANT MIGHT BE CONSTRUED AS SEEKING TO CHALLENGE HIS PRESENT CUSTODY, THE DENIAL IS WITHOUT PREJUDICE TO THE FILING OF A PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 USC § 2241 IN THE DISTRICT OF MASSACHUSETTS "

THUS, THIS COURT IS THE ONLY COURT WITH JURISDICTION OVER THIS PETITION. SEE RUMSFELD V. PADILLA, 2004 U.S. WL 1432135 (2004) NO COURT OTHER THAN THIS COURT WILL HAVE HABEAS JURISDICTION.

HENCE, THERE IS NO JURISDICTIONAL LIMITATION TO THIS COURTS AUTHORITY IN GRANTING

APPROPRIATE RELIEF TO THE PETITIONER.

## CONCLUSION

"LIBERTY FINDS NO REFUGE IN A JURISPRUDENCE OF DOUBT" PLANNED PARENTHOOD OF ~~SOUTHERN~~ SOUTHEASTERN PA. v. CASEY, 505 U.S. 833, 844 (1992).

THE TRUTH OF THIS STATEMENT IS EVER APPARENT TO PETITIONER WHO HAS ALREADY BEEN DETAINED FOR OVER THREE YEARS AFTER BEING CONVICTED BY A TRIAL CONDUCTED BY AN ATTORNEY NOT AUTHORIZED TO REPRESENT THE UNITED STATES.

THIS HONOURABLE COURT SHOULD RENDER THE PROCEEDING A NULLITY AS REQUIRED BY PROVIDENCE JOURNAL, SUPRA, AND RELEASE PETITIONER FROM FURTHER DETENTION.

DATED: APRIL 30, 2005.          RESPECTFULLY SUBMITTED.
PLYMOUTH, MASSACHUSETTS.        JOHN CONTEH # 30635,
                                PCCF,
                                26 LONG POND ROAD,
                                PLYMOUTH, MA. 02360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING WAS DELIVERED BY FIRST CLASS MAIL, POSTAGE PREPAID ON THE UNITED STATES ATTORNEYS OFFICE, 1 COURTHOUSE WAY, BOSTON, MASSACHUSETTS.