United States District Court
District of Massachusetts

RE: John Conteh v. Alberto R. Gonzales et al
Case No: 05-CV-10586-RCL

Honourable Reginald C. Lindsay,
U.S. District Judge,

    I am the Petitioner in the above captioned case, this case was filed in this court on 03/24/2005, and that the issue raised in this petition is:

    "Whether the Trial Court had subject matter jurisdiction over a trial conducted by a Prosecuting Attorney who did not have the statutory authority to represent the United States under United States v. Providence Journal, 485 U.S 693 (1988)?"

And that Petitioner continues to claim actual and legal innocence, and explicitly seeking release from detention now over four years while this Honourable Court is considering this matter; Petitioner is not attacking his sentence, but is claiming actual and legal innocence of being detained now over four years which stemed from a trial conducted by Aitan Goelman who did not have the statutory authority to represent the United States by virtue of

1

THE FACT THAT AITAN GOELMAN DID NOT TAKE HIS OATH OF OFFICE AS MANDATED BY STATUTE AND THE CONSTITUTION OF THE UNITED STATES, ARTICLE 2, SECTION 1, AND ARTICLE VI, U.S. CONSTITUTION, 5 USCA § 3331 Pub. L. 89-554, Sept. 6, 1966, 80 Stat. 424.

TO SUBSTANTIATE THIS FACT, PETITIONER HAD SUCCESSFULLY SOUGHT FROM THE RESPONDENT, THROUGH THE UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, FREEDOM OF INFORMATION PRIVACY ACT UNIT, 600 E. STREET, N.W., WASHINGTON D.C. 20530, TWO OATHS OF OFFICE, ONE SHOWING HOW THE VALID OATH LOOKS LIKE, BY VIRTUE OF BEING SUBSCRIBED AND SWORN TO BY THE ATTORNEY NOT RELEVANT IN THIS MATTER; AND ANOTHER OATH RELEVANT IN THIS CASE THAT IS NOT SUBSCRIBED, AFFIRMED AND SWORN TO BY AITAN GOELMAN.

THE RESPONDENT DID NOT CHALLENGE NOR CONTRADICT THE AUTHENTICITY OF THESE DOCUMENT ITSELF GAVE TO PETITIONER, AND THIS COURT SHALL, THEREFORE, ACCEPT IT A TRUE THAT AITAN GOELMAN ~~HAS FAILED~~ DID NOT COMPLIED WITH THE OATH REQUIREMENT

THE PETITIONER PRESENTED A PHOTOCOPY OF A CERTIFIED COPY OF THE ORIGINAL OATH OF OFFICE WHICH IS NOT SUBSCRIBED AND SWORN TO BY MR. GOELMAN. THE MAIN GIST OF THIS MATTER IS THIS PORTION OF THE OATH :- SEE OATH OF GOELMAN FROM ORIGINAL FILING.

FIGURE 1

> SUBSCRIBED AND SWORN (OR AFFIRMED) BEFORE ME THIS ———
> day of ———, 19———, at ———
>                                                                      (city)
> ———
>    (State)

FIGURE 1

THE GIST OF PETITIONERS CLAIM IS FIGURE 1 WITH REFERENCE TO AITAN GOELMAN'S APPOINTMENT LETTER WITH OATH.

1 USC § 1 CLEARLY STATES THAT;

"IN DETERMINING THE MEANING OF ANY ACT OF CONGRESS, UNLESS THE CONTEXT INDICATES OTHERWISE — ""OATH" INCLUDES AFFIRMATION, AND "SWORN" INCLUDES AFFIRMED (July 30, 1947, C. 388, 61 Stat. 633, June 25, 1948, C. 645, § 6, 62 Stat. 859; Oct. 31, 1951, C. 655, § 1, 65 Stat. 710) See Also ARTICLE 2, SECTION 1, AND ART. VI, U.S. CONSTITUTION.

THE TERM "AFFIRM" IN A LEGAL SENSE: TO MAKE AFFIRMATION; TO MAKE A SOLEMN AND FORMAL DECLARATION OR ASSEVERATION THAT AN AFFIDAVIT IS TRUE. BLACK'S LAW DICTIONARY WITH PRONUNCIATIONS. PP 37 CENTENNIAL EDITION (1891–1991),

AS FIGURE 1 SHOWS FROM AITAN GOELMAN'S OATH OF OFFICE, IT IS NOT AFFIRMED, AND THUS THERE IS NO OATH.

LIKEWISE, THE TERM "SWEAR" "SWORN": TO PUT ON OATH; TO ADMINISTER AN OATH TO A PERSON; TO TAKE AN OATH; TO BECOME BOUND BY AN OATH DULY ADMINISTERED; TO DECLARE ON OATH THE TRUTH, BLACK'S LAW DICTIONARY WITH PRONUNCIATIONS PP. 1010 Centennial edition (1891–1991),

AS FIGURE 1 SHOWS FROM MR GOELMAN'S AFFIDAVIT, THERE IS NO OATH BY VIRTUE OF THE AFFIDAVIT NOT SWORN.

THE TERM OATH OF OFFICE IN BLACK LAW'S DICTIONARY PP. 739, Centennial edition (1891–1991) MEANS: VARIOUS DECLARATION OF PROMISES, MADE BY PERSONS WHO ARE ABOUT TO ENTER UPON THE DUTIES OF PUBLIC OFFICE CONCERNING THEIR PERFORMANCE OF THAT DUTY

OFFICE.

An Oath of Office is required by Federal Constitution, and by various statutes e.g. 28 USC § 544.

Figure 1 shows that Aitan Goelman never subscribed to the oath, there is no subscribing witness, in the absent of one as the document shows there is NO OATH, its invalid.

"Attorneys for the Government" are those described in F.R.C.P. 54(c). In terms relevant here, the attorney must be an authorized "assistant" of the United States Attorney.

Accordingly, if by omission of the taking of the Oath of Office, which is mandated under the statute and Constitution of the United States, Aitan Goelman was not an authorized assistant of the United States Attorney on December 7, 8, and 9, 1999. 5 USC § 3331; 28 USC § 544; Article 2, Section 1, and Article VI U.S. Constitution.

Quoting Providence Journal, supra, where attorney, acting essentially without supervision, who is not authorized to represent the United States, presents case to grand jury, or otherwise conducts all the proceedings, jurisdictional defect is tendered and proceedings are a nullity. U.S. v. Navarro, 959, F.Supp.

In this petition, Aitan Goelman did not take his Oath of Office as mandated by statute and the U.S. Constitution, Article 2, Section 1, and Art. VI, U.S. Constitution. 5 USC § 3331 Pub. L. 89-554, Sept. 6, 1966, 80 Stat. 424. Thus the Court was without

4

JURISDICTION,

Because only the United States Attorney, whether personally or through his Assistant may appear in criminal cases, it would seem to follow that a criminal case prosecuted by an ~~authorized attorney~~ unauthorized attorney is non-cognizable.

For that reason, the District Court, although having subject matter jurisdiction "of all offenses against the laws of the United States" see 18 USC §3231, is, under Providence Journal without jurisdiction over such cases. see United States v. Durham, 941 F.2d 886 (9th Cir. 1991)

Since jurisdiction implies the power to hear and determine a case, United States v. O'Grady, 89 U.S. 641, 647, 22 Wall 641, 22 L.ed. 772 (1875), in the absence of jurisdiction a court may neither hear nor dispose of a case.

Because jurisdiction goes to the power of the court to act, jurisdictional defects cannot be waived See e.g. American Fire and Casualty Co v. Finn, 341 U.S. 6, 17-18, 71 S.ct. 534, 541-542, 95 L.ed 702 (1951), and for the same reasons, are not subject to harmless error analysis. Gomez v. United States, 490 U.S. 858, 876, 109 S.ct 2237, 2248, 104 L.ed 2d 923 (1989) (Magistrate lacks jurisdiction to voir dire felony jury and conviction must be reversed without regards to whether error harmless).

In sum, the Court understands the cases to hold that on one hand where an attorney, acting essentially without supervision who is not authorized to represent the United States presents the case to the grand jury, or perhaps other otherwise conducts all the proceedings, a jurisdictional defect is tendered and the proceedings are a nullity.

In this instant case Aitan Goelman who did not take the oath of office mandated by statute and the Constitution of the United States. 5 USC § 3331 Pub. L. 89-554, Sept 6, 1966, 80 Stat. 424, U.S. Const. Art. 2, Section 1, and Art. VI.

The intention of the Legislature is to be collected from the words they employ, where there is no ambiguity in the words, there is no room for construction United States v. Wiltberger, 5 Wheat. 76, 95-96, 5 L.ed. 37.

The Congress has used plain language to require that an attorney appointed take an oath to execute faithfully his duties "before taking office".

This is a necessary condition precedent to the exercise of authority as an Assistant of the United States Attorney, and that condition was not met here.

28 USC § 544 states: Each United States Attorney, Assistant United States Attorney, and Attorney appointed under section 543 of this title, "BEFORE TAKING OFFICE", shall take an oath to execute faithfully his duties (Added Pub. L. 89-544, § 4(c), Sept. 6, 1966, 80 Stat. 618)

In U.S. v. Pignatiello, 582 F. Supp. 251 (D. Colo. 1984), the court applied the Providence Journal principle, and held that, absent taking of the oath, attorney in question was not an "attorney for the government" entitled to be present in proceedings, and violation was not cured by subsequent taking of the oath, indictment dismissed.

The same reasoning should apply in petitioners case and render the proceedings leading to the conviction a nullity i.e. null and void, and ordered a new trial with an authorized attorney.

As the trial court, the Southern District of New York, as indicated in Exhibit X-A on petitioners response to respondents "April 25, 2005 motion" stated.

"To the extent that defendant might be construed as seeking to challenge his present custody, the denial is without prejudice to the filing of a petition for a writ of Habeas Corpus pursuant to 28 USC § 2241 in the District of Massachusetts.", thus, this court is the only court with jurisdiction over petitioner see also. Rumsfeld v. Padilla, 2004 U.S. WL 1432135 (2004) no other court other than this court will have habeas jurisdiction.

Hence, there is no jurisdictional limitation to this courts authority in granting the sought relief.

8

JURISDICTION FOR HABEAS PETITION (28 USC § 2241) FILED BY FEDERAL PRISONER PROPERLY LIES IN DISTRICT COURT WITH JURISDICTION OVER PRISONER'S CUSTODIAN, EVEN WHEN PRISONER CHALLENGES VALIDITY RATHER THAN EXECUTION OF HIS SENTENCE. 28 USC § 2241 See U.S. v. NORTON, 119 F. Supp. 2d. 43 (D. MASS. 2000).

SINCE THE CUSTODIANS ARE PROPERLY NAMED AS RESPONDENTS, AND THE CLAIMS ARE OF "ACTUAL AND LEGAL INNOCENCE" FOR LACK OF JURISDICTION, THE BASIS FOR HABEAS JURISDICTION IS ESTABLISHED.

BECAUSE SUBJECT-MATTER JURISDICTION INVOLVES A COURTS POWER TO HEAR A CASE, IT CAN NEVER BE FORFEITED OR WAIVED, THUS DEFECTS REQUIRE CORRECTION REGARDLESS OF WHETHER THE ERROR WAS RAISED IN DISTRICT COURT see UNITED STATES v. COTTON, 535 U.S. 625 (2002).

The Petitioner As Required, UNDER BOTH RULES 12(b)(6) AND 12(b)(1), THE COURT MUST TAKE AS TRUE THE WELL PLEADED FACTS AS THEY APPEAR IN THE PETITION AND HABEAS EXHIBITS, EXTENDING THE PETITIONER EVERY REASONABLE INFERENCE IN HIS FAVOR see KIELY, 105 F.3d at 735; NEGRON-GAZTAMBIDE v. HERNANDEZ-TORRES, 35 F.3d 25, 27 (1st Cir. 1994).

THE PETITIONER IS REQUIRED ONLY TO "SET FORTH... A SHORT AND PLAIN STATEMENT OF THE CLAIM SHOWING THAT

the petitioner is entitled to relief" Fed. R. Civ. P. 8 (a) (2)".

Such a statement must simply give the respondent fair notice of what the petitioners claim is and the grounds upon which it rests" SWIERKIEWICZ V. SOREMA N.A., 534 U.S. 506, 512 (2002).

This Honourable had given the respondent chance to respond to the question before this court, and the respondent has conceded by not answering to the claim before this court. Under Providence Journal.

In Providence Journal, the court granted certiorari upon the petition of a special prosecutor, which had been filed without permission of the Solicitor General.

The court concluded that, the petition for certiorari was tendered and prosecuted by an attorney who, under the statute, had no authority to represent the United States, and held that, under such circumstances it was without jurisdiction to entertain the litigation.

As with proceedings before the Supreme Court, the Congress has also limited those who may appear on behalf of the United States in subordinate courts.

It has provided that such appearance is limited to officials of the Department of Justice see 28 USC § 516, and the authority to prosecute federal crimes is further limited to the United States Attorney for the District see also 28 USC § 547 (1)

THE CONGRESS HAS, HOWEVER, PROVIDED FOR THE APPOINTMENT OF ASSISTANTS TO AID THE UNITED STATES ATTORNEY IN THE DISCHARGE OF HIS DUTIES. See 28 USC § 543(a).

BECAUSE ONLY THE UNITED STATES ATTORNEY, WHETHER PERSONALLY OR THROUGH HIS ASSISTANT, MAY APPEAR IN CRIMINAL CASES, IT WOULD FOLLOW THAT A CRIMINAL CASE PROSECUTED BY AN UNAUTHORIZED ATTORNEY IS NON-COGNIZABLE.

FOR THAT REASON, THE DISTRICT COURT, ALTHOUGH HAVING SUBJECT MATTER JURISDICTION "OF ALL OFFENSES AGAINST THE LAWS OF THE UNITED STATES", 18 USC § 3231, IS, under PROVIDENCE JOURNAL, WITHOUT JURISDICTION OVER SUCH CASES.

SINCE JURISDICTION IMPLIES THE POWER TO HEAR AND DETERMINE A CAUSE, U.S. v. O'GRADY, 89 U.S. 641, 647, 22 WALL 641, 22 L.ed. 772 (1875), IN THE ABSENCE OF JURISDICTION A COURT MAY NEITHER HEAR NOR DISPOSE OF A CASE.

MR GOELMAN WAS NOT AUTHORIZED AS AN ATTORNEY FOR THE GOVERNMENT ABSENT THE TAKING OF THE OATH, THUS HIS APPEARANCE BEFORE THE JURY ON THOSE DATES, SUPRA, IS A VIOLATION OF THE CONSTITUTION OF THE UNITED STATES, AND THE PROCEEDINGS ARE A NULLITY, THE COURT WAS WITHOUT JURISDICTION TO HEAR A CASE FROM AN UNAUTHORIZED ATTORNEY.

10

## Conclusion

Petitioner has already been granted a stay by the First Circuit a copy thereof is attach.

For the foregoing reasons, petitioner prays that, while this court will be considering this instant petition which has been pending since March 2005, under Providence Journal.

That this court grants petitioner an injunctive relief in the form of release from further detention now over 4 years to take care of his health which has been detoirating as petitioner is currently in medicals-sick.

Dated: October 22, 2005.
Plymouth, MA. 02360.

Respectfully submitted,
John Conteh #30635
PCCF,
26 Long Pond Road,
Plymouth, MA. 02360

P.S. Could you please mail me a stamped copy showing acknowledgement. Thanks.

# United States Court of Appeals
## For the First Circuit

---

No. 05-1282

JOHN CONTEH,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

---

Before

Lynch, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

ORDER OF COURT

Entered: October 11, 2005

In an order dated October 4, 2005, this court denied petitioner's pro se conditional request for a stay of removal "if and only if" removal would terminate judicial review. Now represented by counsel, petitioner has filed a motion for stay of removal which is not conditioned upon a finding that the effect of removal would be to terminate judicial review.

Resolving Conteh's petition may require us to decide an issue of first impression in this circuit, concerning what evidence may be considered in determining whether a prior conviction constitutes an "aggravated felony," as defined by 8 U.S.C. § 1101(a)(43). Given that Conteh was granted asylum based upon a well-founded fear of persecution if returned to Sierra Leone, the risk of hardship if the present motion is denied is not insignificant. Conteh's Emergency Motion for Stay of Deportation pending this court's review of his petition is granted. Petitioner's Motion to File Replacement Brief, also construed as a motion to withdraw the

previously filed pro se brief, is <u>granted</u>. Petitioner's substitute brief shall be filed by November 8, 2005. The deadline for respondent to file its brief is extended until December 8, 2005.

By the Court:

Richard Cushing Donovan, Clerk.

**MARGARET CARTER**

By: _____
Chief Deputy Clerk.

[cc: John Conteh, Michael Sullivan, USA, LaShawn White, Neil Cashman, Esq., Greg Mack, Esq., Robbin Blaya, Esq., Nora Livers, Margot Nadel, Esq., Theodore Cox, Esq.]