JOHN CONTEH #30635,

PCCF,

26 LONG POND ROAD,

2005 NOV 21 ☐ 2: 40

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

PLYMOUTH, MA. 02360.

14th NOVEMBER, 2005.

HON. RICHARD C. DONOVAN,

CLERK,

UNITED STATES COURT OF APPEALS,

FOR THE FIRST CIRCUIT,

1 COURTHOUSE WAY, SUITE 2500,

BOSTON, MA. 02210.

DEAR HON. RICHARD C. DONOVAN;

ENCLOSED FOR FILING WITH THIS COURT ONE
COPY OF "NOTICE OF APPEAL" FROM AN ORDER OF THE
DISTRICT COURT OF MASSACHUSETTS, ISSUED BY THE HONOURABLE
UNITED STATES DISTRICT JUDGE REGINALD C. LINDSAY AND A COPY
OF THE "MOTION" THAT WAS DISMISSED AND EXHIBITS

RESPECTFULLY SUBMITTED,

JOHN CONTEH # 30635

In The United States Court Of Appeals For The

2005 NOV 21 P 2:40

First     Circuit

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

John   Conteh

      Petitioner,

     V.

Sheriff Plymouth Jail,

Bice District Director,

Attorney General - et al.

Roberto Gonzales,

     Respondents

United States
District Court Docket Nos

05-10586-RCL

Notice Of Appeal From An Order Issued By The United
States District Court Judge, The Honourable Reginald
C. Lindsay On October 22, 2005.

     John Conteh,

     PCCF,

     26 Long Pond Road,

     Plymouth, MA. 02360

     November 14th, 2005

SIRS,

PLEASE TAKE NOTICE THAT, PETITIONER JOHN CONTEH (herein "Petitioner"),
WILL MOVE THE UNITED STATES COURT OF APPEALS, FOR THE FIRST CIRCUIT,
LOCATED AT THE UNITED STATES COURTHOUSE, AT A DATE, TIME.

1. ACCEPTING THE ABOVE CAPTIONED "NOTICE OF APPEAL"
   AND DECLARATION IN SUPPORT.

                    RESPECTFULLY SUBMITTED,
                      JOHN CONTEH

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT


JOHN CONTEH,

Petitioner,

v.

SHeriff PLymouth Jail,                           UNITED STATE

BICE DISTRICT DIRECTOR,                     DISTRICT COURT DOCKET NO

ATTORNEY General et al.                     O5-CV-10586-RCL.

ROBERTO GONZALES.



DECLARATION IN SUPPORT OF "NOTICE OF APPEAL"

FROM AN ORDER ISSUED By THE UNITED STATES

DISTRICT COURT JUDGE, THE HONOURABLE REGINALD

C. LINDSAY on OCTOBER 22, 2005.



I, JOHN CONTEH, DECLARES UNDER THE PAINS AND PENALTY OF

PERJURY THAT THE FoLLowING IS TRUE AND CORRECT TO THE BEST

OF MY KNOWLEDGE


1. THAT, I AM THE PETITIONER IN THE ABOVE CAPTIONED

"NOTICE OF APPEAL.."

FILING OF A PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 USC § 2241 IN THE DISTRICT OF MASSACHUSETTS.
See EXHIBIT OF THAT ORDER.

6. THAT SINCE JURISDICTION FOR HABEAS PETITION (28 USC§2241)
FILED BY FEDERAL PRISONER PROPERLY LIES IN DISTRICT COURT WITH
JURISDICTION OVER PRISONERS CUSTODIANS, EVEN WHEN PRISONER
CHALLENGES VALIDITY RATHER THAN EXECUTION OF HIS SENTENCE 28 USC§2241.

7. THAT PETITIONER FILED A PETITION UNDER 28 USC § 2241 SIGNED
AND DATED 16th MARCH, 2005 TITLED:
   "APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT
   TO 28 USC§2241 FOR IMMEDIATE INJUNCTIVE RELIEF
   FROM DETENTION (ACTUAL INNOCENCE)" See exhibit -E
NAMING HIS AFOREMENTIONED IMMEDIATE CUSTODIANS: THE SHERIFF
OF PETITIONERS CURRENT PLACE OF CONFINEMENT; THE DISTRICT
DIRECTOR OF THE BUREAU OF IMMIGRATION AND CUSTOMS
ENFORCEMENT THAT CONTRACTED WITH THE JAIL OF PETITIONERS
CONFINEMENT, AND THE UNITED STATES ATTORNEY, THE CHIEF OF
THE JUSTICE DEPARTMENT.

8. THAT BY AN ORDER DATED MARCH 28th, 2005, THE
U.S. DISTRICT COURT ISSUED AN ORDER, ORDERING THE
RESPONDENT TO RESPOND WITHIN 20 DAYS OF THE ORDER.

9. THAT AT THE CLOSING OF THE 20 DAY PERIOD, THE RESPONDENT ASKED FOR AN EXTENSION OF TIME TO INCLUDE MAY 1, 2005.

10. THAT BY A MOTION DATED APRIL 25th, 2005, THE RESPONDENT FILED A MOTION CAPTIONED "GOVERNMENT MOTION FOR SUMMARY DISPOSITION" AND DID NOT RESPOND TO THE ISSUE PRESENTED BY PETITIONER BEFORE THE COURT.

10. THAT BY A MOTIONED CAPTIONED "PETITIONERS REPLY TO RESPONDENT 'APRIL 25th, 2005 MOTION (hereinafter "OPPOSITION") PERFECTED THE ISSUE BEFORE THE COURT. THAT, THE INSTANT PETITIONER CHALLENGES HIS INDEFINITE DETENTION BY HIS AFOREMENTIONED CUSTODIANS AS UNCONSTITUTIONAL, PETITIONER CLAIMS ACTUAL AND LEGAL INNOCENCE OF A DEPORTABLE CRIME, THAT AS REASONS THEREFORE, PETITIONER CONTINUES TO RAISE THE FOLLOWING SUBSTANTIAL CONSTITUTIONAL QUESTION.

1. WHETHER THE TRIAL COURT HAD SUBJECT MATTER JURISDICTION OVER A TRIAL CONDUCTED BY A PROSECUTING ATTORNEY WHO DID NOT HAVE THE STATUTORY AUTHORITY TO REPRESENT THE UNITED STATES UNDER UNITED STATES V. PROVIDENCE JOURNAL, 485 U.S. 693 (1988)?

11. THAT PETITIONER REQUESTED THE COURT TO RULE IN HIS FAVOR, UNDER RUMSFELD v. PADILLA 2004 WL 1432135 (2004) THE COURT HAS JURSDICTION, AS PETITIONERS CUSTODIANS ARE LOCATED WITHIN THE JURSDICTION OF THE COURT, HENCE, THERE IS NO JURSDICTIONAL LIMITATION TO THE COURTS AUTHORITY IN GRANTING THE APPROPRIATE RELIEF TO PETITIONER BY RULING THE PROCEEDINGS "NULL AND VOID" FOR LACK OF SUBJECT MATTER JURISDICTION AND ORDERS PETITIONERS IMMEDIATE RELEASE.

12. THAT WHEN THE REAL ID ACT WAS PASSED, THE DISTRICT COURT DID NOT TRANSFER THE PETITION.

13. THAT THIS DIAGRAM SHOWS THE GIST OF PETITIONER CHALLENGE. See ALSO Photocopy of OATH of OFFICE EXHIBIT - E

Subscribed and Sworn (or affirmed) before me this ——————— day of ——————— , 19 ———

at ——————— (City) ——————— (State)

NOT Subscribed, Sworn, Affirmed By Aitan Goelman 1 USC § 1; 5 USC § 3331 Pub. L. 89 –554, Sept. 6, 1966, 80 Stat. 424; Article 2, Section 1, AND Art. VI, U.S. CONSTITUTION.

## Orders on Motions

1:05-cv-10586-RCL Conteh v. Gonzales et al

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Lindsay, Reginald entered on 10/22/2005 at 2:19 PM EDT and filed on 10/22/2005

**Case Name:**    Conteh v. Gonzales et al
**Case Number:**    1:05-cv-10586
**Filer:**
**Document Number:**

### Docket Text:

Judge Reginald C. Lindsay : ElectronicORDER entered granting [4] Motion for Summary Disposition. As the court ruled in connection with a previous petition filed by this petitioner (04-11471), this court is without jurisdiction to consider the claims of this petition. Moreover, this appears to be a second, successive petition, which may not be filed in the absence of permission from the United States Court of Appeals for the Second Circuit. The clerk shall enter judgment dismissing this petition.(Lindsay, Reginald)                                                            )
                                                                                )

The following document(s) are associated with this transaction:

### 1:05-cv-10586 Notice will be electronically mailed to:

Victor A. Wild    Victor.wild@usdoj.gov, ma.ecf@usdoj.gov; jodi.gird@usdoj.gov

### 1:05-cv-10586 Notice will not be electronically mailed to:

John Conteh
Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, MA 02360

Sheriff Plymouth Jail

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JOHN CONTEH**

Petitioner,

v.

**SHERIFF PLYMOUTH JAIL,**
**~~B~~ICE DISTRICT DIRECTOR**
_ATTORNEY GENERAL - et al_
_ROBERTO GONZALES_

FILED IN OFFICE

MAR 24 ⊃ 1: 25 104034
C #4638

**05 1058 RCL**

AMOUNT $_____ 500
SUMMONS ISSUED_ N/A
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY CLK._ M.P._____
3/25/2005

**APPLICATION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241**
**FOR IMMEDIATE INJUNCTIVE RE~~MAGI~~STRATE JUDGE_____**     RRC
**FROM DETENTION (ACTUAL INNOCENCE)**

Now come Petitioner, John Conteh (hereinafter "Petitioner") and petitions

this Honorable Court to issue an immediate relief from detention to protect his rights

under the due process clause of the Fifth Amendment U.S.C.A. Const. Amend. 5

and all applicable sections of the Constitution.

**JURISDICTION**

Jurisdiction for habeas petition filed by federal prisoner properly lies in district

court with jurisdiction over prisoner's custodian, even when prisoner challenges validity

rather than execution of his sentence. 28 U.S.C.A. § 2241; U.S.v. Norton, 119 F.Supp.

2d 43 (D. Mass. 2000).

**QUESTIONS PRESENTED**

The seminal case giving rise to the doctrine which informs the issues tendered

herein is Unites States v. Providence Journal Company, 485 U.S. 693, 108 S. Ct.1502,

99 L. Ed.2d 785 (1988).

1

There, the Supreme Court held that where an attorney purportedly representing the United States is without authority to do so, "we must dismiss the heretofore granted writ of certiorari for want of jurisdiction". Id. at 699, 108 S. Ct. at 1506.

The issue of the effect of unauthorized representation arose because, generally speaking, under 28 U.S.C. § 1254(1) only the solicitor general may authorize the filing of a petition for certiorari in the Supreme Court on behalf of the United States (Fn 3).

In Providence Journal, however, the court had granted certiorari upon the petition of a special prosecutor, which had been filed without permission of the solicitor general.

The court concluded that, the petition for certiorari was tendered and prosecuted by an attorney who, under the statute, had no authority to represent the United States, and held that under such circumstances it was without jurisdiction to entertain the litigation.

As with proceedings before the Supreme Court, the Congress has also limited those who may appear on behalf of the United States in subordinate courts. It has provided that such appearance is limited to officials of the Department of Justice. See 28 U.S.C. § 516, (Fn 4) and the authority to prosecute federal crimes is further limited to the United States Attorney for the district. See also 28 U.S.C. § 547(1). The Congress has, however, provided for the appointment of assistants to aid the United States Attorney in the discharge of his duties. See 28 U.S.C. § 543(a).

Because only the United States Attorney, whether personally or through his assistants, may appear in a criminal case, it would seem to follow that a criminal case prosecuted by an authorized attorney is noncognizable. For that reason, the district court, although having subject matter jurisdiction "of all offenses against the laws of the United

2

"The rule that penal laws are to be constructed strictly is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of the punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment.

It is said, that notwithstanding this rule, the intention of the lawmaker must govern in the construction of penal, as well as other statutes. This is true, but this is not a new independent rule, which subverts the old. It is a modification of the ancient maxim, and amounts to this, that though penal laws are to be construing strictly, they are not to be constricted so strictly as to defeat the obvious intention of the legislature.

The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases, which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend. The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no room for construction.

The term "oath" under 1 U.S.C. § 1, which reads: in determining the meaning of any act of Congress, unless the context indicates otherwise - "oath" includes affirmation, and "sworn" includes affirmed (July 30, 1947, c.388, 61 Stat. 633; June 25, 1948, c.645, § 6, 62 Stat. 859; Oct.31, 1951, c.655, § 1, 65 Stat. 710). See Exhibit — C2 Article 2, Section 1, and Art.V1, U.S. Constitution.

The term "affirm": to make affirmation; to make a solemn and formal declaration or asseveration that an affidavit is true. Black's Law Dictionary with pronunciations. PP.37 (Centennial Edition (1891-1991).

4

The term "swear" "sworn": to put on oath; to administer an oath to a person; to take an oath; to become bound by an oath duly administered; to declare on oath the truth. Black's Law Dictionary with pronunciations. PP. 1010 Centennial Edition (1891-1991).

Oath of office: various declarations of promises, made by persons who are about to enter upon the duties of a public office, concerning their performance of that office. An oath of office is required by Federal and State Constitutions, and by various statutes, to be made by major and minor officials. See e.g. 28 U.S.C.A. § 544 (U.S. Attorneys). Black's Law Dictionary with pronunciations (Centennial Edition (1891-1991) pp.739).

## BACKGROUND

A three day trial was conducted in the Southern District of New York by Aitan Goelman for the United States from December 7 to December 9, 1999.

A jury returned a guilty verdict for conspiracy to defraud the United States and false statement in violations of 18 U.S.C. §§ 371, 1001.

Petitioner was sentenced to a term of one year and one day, which served till July 24, 2001, and three years supervised release.

"Attorneys for the Government" are those described in F.R.C.P. 54(c).

See Exhibit          In terms relevant here, the attorney must be an authorized "assistant" of the United States Attorney.

Accordingly, if by omission of the taking of the oath of office, which is mandatory under the statute and Constitution of the United States, Aitan Goelman was not an authorized assistant of the United States Attorney on December 7,8, and 9, 1999. 5 U.S.C. § 3331; 28 U.S.C. § 544; Article 2, Section 1, and Art. VI U.S. Constitution.

5

Quoting Providence Journal, *supra*, where attorney, acting essentially without supervision, who is not authorized to represent the United States, presents case to grand jury, or otherwise conducts all the proceedings, jurisdictional defect is tendered and proceedings are a nullity. U.S. v. Navarro, 959, F. Supp. Quoting Nguyen v. U.S. 123 S. Ct. 2130, 539 U.S. 69 (U.S. 2003) "If the statute made him incompetent to sit at the hearing, the decree in which he took part was unlawful, and perhaps absolutely void, and should certainly be set aside or quashed by any court having authority to review it by appeal, error or certiorari."

Mr. Goelman was not an "attorney for the Government" and his appearance before the jury on those dates, *supra,* is a violation of Federal Statute and the Constitution of the United States. The proceeding is a nullity. See 5 U.S.C.A. § 3331; 5 U.S.C.A. § 2903 (a); § 2903(b)(1)(2); 28 U.S.C.§ 544 (added Pub. L. 89-554, § 4(c), Sept. 6, 1996, 80 Stat. 618.); Article 2, Section 1, Apt.V1, U.S. Constitution;1 U.S.C.§ 1; Federal Rules of Criminal Procedure 54(c) "oath includes affirmation."

The oath of office required by section 3331 of title 5 is incident to entrance into the executive branch, 5 U.S.C. § 2903(b)(1). See Exhibit **−∆**   of 5 U.S.C. § 3331.

It could be said that Mr. Goelman never entered the executive branch of the Government by not taking the oath mandated by Congress; 28 U.S.C. § 544. Since "oath" includes affirmation, and "sworn" means "affirmed", see 1 U.S.C. § 1, and Mr. Goelman never affirmed or sworn his oath as required by Federal Statute, he never took the oath, and thus, he never entered, and thus unauthorized to represent the United States, and the proceedings are a nullity.

6

" If the statute made him incompetent to sit at the hearing, the decree in which he took part was unlawful, and perhaps absolutely void, and should certainly be set aside or quash by any court having authority to review it by appeal, error or certiorari."
Quoting Nquyen. S. Ct. (U.S. 2004), *supra.*

The intention of the legislature is to be collected from the words they employ where there is no ambiguity in the words, there is no room for constriction, United States v. Wiltberger, 5 Wheat. 76, 95-96, 5 L. Ed. 37, *supra.*

The Congress has used plain language to require that an attorney appointed take an oath to execute faithfully his duties "before taking office." This is a necessary condition precedent to the exercise of authority as an assistant of the United States Attorney, and that condition was not met here.

28 U.S.C.§ 544 reads: each United States Attorney, assistant United States Attorney, and attorney appointed under section 543 of this title, "before taking office", shall take an oath to execute faithfully his duties (added Pub. L. 89-544, § 4(c), Sept. 6, 1966, 80 Stat. 618).

Interestingly, 1 U.S.C. § 1 made it clear that in determining the meaning of any act of Congress, unless the context indicates otherwise – "oath" includes affirmation, and "sworn" includes "affirmed."

5 U.S.C.§ 3331, 28 U.S.C. § 544; Article 2, Section 1, and Art. VI, U. S. Constitution are affirmative statute that directs the doing of an act or declares what shall be done.

Mr. Goelman's appointment affidavit was never affirmed and/or sworn.

7

Absent any affirmation and swear, there is no oath under the laws of the United States. See Exhibit of affidavit.  — B

Affirm means to make affirmation, to make a solemn and formal declaration or asseveration that an affidavit is true, that the witness is telling the truth. Black's Law Dictionary with pronunciation, pp. 37, Centennial Edition 1891-1991.

Swear, sworn means to put on oath, to administer an oath to a person, to take an oath, to become bound by an oath duly administered. Black's Law Dictionary with pronunciations, pp. 1010, Centennial Edition 1891-1991.

The oath solemnizes the appointment and sensitizes the appointed person to the obligations and limitations of the office. It formalizes the appointment and works an official notification that the appointed person represents the Government of the United States in its prosecuting authority and binds that branch of Government to the acts of the appointed person. The oath is evidence of actual authority of the attorney as agent and thereby avoids disputes, which could be generated by reliance upon some apparent authority.

In light of 5 U.S.C. § 3331, which states in part "An individual, except the President, elected or appointed to an office of honor or profit in the civil service, shall take the following oath" [see Exhibit for Aitan Goelman] (Pub. L. 89-554, Sept.6, 1966, 80 Stat. 424). X— B

The only exception under the statute is the President, and Aitan Goelman was not, and is not the President of the United States, thus, he is not exempted by the Statute. Aitan Goelman cannot discharge the duties imposed as assistant United States Attorney without taking the oath. Mr. Goelman's appointment affidavit was never affirmed or

8

## CONCLUSION

"Liberty finds no refuge in a jurisprudence of doubt" planned parenthood of southeastern Pa. v. Casey, 505 U.S. 833, 844 (1992).

The truth of this statement is ever apparent to petitioner who has already been detained for over three years after being convicted by a trial conducted by an attorney not authorized to represent the United States. This Court should render the proceeding a nullity as required by Providence Journal, *supra*, and release Petitioner from further detention.

Dated: /6th March, 2005

Plymouth, Massachusetts

Sincerely yours,

John Conteh,
PCCF,
Plymouth, MA 02360

### Certificate of Service

I hereby certify that a copy of the foregoing was delivered by first class mail, postage prepaid on United States Attorney's office Boston, Massachusetts.

11



**U.S. Department of Justice**

FEB 2 6 2004

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: **John Conteh**                    Request Number: **03-3850**

Subject of Request: **AUSAs Aitan D. Goelman & Daniel M. Gitner (Oath of Office)/NYS.**

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record keeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

All of the records you seek are being made available to you. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. **Therefore, by this letter we authorize the partial release of 2 pages (See enclosed Appointment Affidavits for AUSAs Goelman & Gitner).**

This is the final action my office will take on EOUSA case **03-3850.**

Sincerely,

ᒪ Marie A. O'Rourke
Assistant Director

Enclosures

# APPOINTMENT AFFIDAVITS

_____United States Attorney_____                    _____9/13/98_____
_(Position to which appointed)_                        _(Date of appointment)_

__Department of Justice__    __U.S. Attorney's Office__    __New York, NY__
_(Department or agency)_      _(Bureau or Division)_        _(Place of employment)_

I, _____Aitan Goelman_____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_ature of appointee)_

Subscribed and sworn (or affirmed) before me this _____ day of _____, 19_____,

at _____
       _(City)_                                    _(State)_

[SEAL]

_(Signature of officer)_

Commission expires _____
                                                    _(Title)_
(If by a Notary Public, the date of expiration of his/her Commission should be shown)

NOTE.—_The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken out and only when the appointee elects to affirm the affidavits._

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0118

# APPOINTMENT AFFIDAVITS

Assistant United States Attorney
*(Position to which appointed)*

December 07, 1997
*(Date of appointment)*

Department of Justice
*(Department or agency)*

US Attorney's Office – SDNY
*(Bureau or division)*

New York, New York
*(Place of employment)*

I, _____ Daniel M. Gitner _____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this __8th__ day of __December__ A.D. 19 97

at __New York__
*(City)*

__New York__
*(State)*

[SEAL]

_____
*(Signature of officer)*

Commission expires _____
If by a Notary Public, the date of expiration of his Commission should be shown)

Personnel Specialist
*(Title)*

RIP
b7C

2

to imply that defendant contends that his sentence was enhanced on the basis of facts found by the Court rather than a jury and thus raises a *Blakely-Booker* issue, the application presumably would be properly made as a Section 2255 motion. But this would be a second or otherwise successive Section 2255 motion and thus cannot be made absent leave of the Court of Appeals.

The application might be intended also to challenge defendant's present custody, in which case it would fall under 28 U.S.C. § 2241. But the application names no respondent, and it appears that defendant has not served anyone. Thus, even if a Section 2241 proceeding challenging defendant's present custody properly could be filed in this Court, the application would be deficient even if the Court treated it as a Section 2241 petition.

Accordingly, the application is denied. To the extent that defendant might be construed as attempting to mount a *Blakely-Booker* challenge to his sentence, the denial is without prejudice to the filing of an application in the United States Court of Appeals for the Second Circuit for leave to file a second or successive Section 2255 motion. To the extent that defendant might be construed as seeking to challenge his present custody, the denial is without prejudice to the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of Massachusetts.

SO ORDERED.

Dated: January 21, 2005

Lewis A. Kaplan
United States District Judge

Copies mailed
Chambers of Judge Kaplan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                -against-                               98 Crim. 0876 (LAK)

JOHN CONTEH,

                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant was convicted in 1999 of conspiracy, in violation of 18 U.S.C. § 371, to commit bank fraud and to possess a counterfeit security and of making false statements to a federal agent in violation of 18 U.S.C. § 1001, and sentenced principally to a term of imprisonment of one year and a day followed by three years of supervised release. The conviction was affirmed. *United States v. Conteh,* 2 Fed. Appx. 202 (2d Cir. 2001). A stream of post-conviction applications have been denied.

        The Court is in receipt of a new *pro se* application. The application recites that the term of imprisonment "was served and satisfied at the FMC Fort Devens facility in Ayer, Massachusetts." It goes on to relate that defendant now is being held at the Plymouth County Correctional Facility in Massachusetts "because of the sentence of over one year, which is potentially indefinite." And it asks "[i]n light of the recent Supreme Court decision on the Sentencing Guidelines" that I reduce the sentence to less than 12 months.

        This application is so spare on facts that it is difficult to know what to make of it. There is no indication why defendant is in the Plymouth County Correctional Facility or what would be accomplished by reducing the sentence that he already has served. But the Court assumes that defendant, an alien, is in the custody of the Bureau of Immigration and Customs Enforcement ("BICE") pending removal proceedings or removal from the United States, that BICE has contracted with Plymouth County to house prisoners including defendant, and that a source of defendant's difficulty with BICE is that he was sentenced to a term of over one year.

        Even given these assumptions, the Court sees no path to affording defendant any relief. The Court has no authority to reduce his sentence, even for the purpose of ameliorating any immigration consequences that it may have, least of all after the term of imprisonment has been served. If the intent of the reference to "the recent Supreme Court decision on the Sentencing Guidelines" is