# MANDATE

05-10586
USDC/MA
Lindsay, J

# United States Court of Appeals
## For the First Circuit

No. 06-1053

JOHN CONTEH,
Petitioner, Appellant,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL, ET AL.,
Respondents, Appellees.

Before

Selya, Lynch and Howard,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: June 16, 2006

    The government has filed a motion to summarily dispose of this appeal. John Conteh appeals from the district court's dismissal of his petition pursuant to 28 U.S.C. § 2241, seeking to invalidate a federal conviction that was imposed in 2000 in the Southern District of New York, and on the basis of which Conteh has been ordered removed as an aggravated felon. In a separate case, we granted a stay of removal pending review of Conteh's final order of removal (Appeal No. 05-1282).

    Conteh concedes that his present § 2241 petition challenges the validity of his expired federal convictions and sentence. A § 2241 petition may be used to challenge the legality of a conviction only if the remedy under § 2255 is inadequate or ineffective. See <u>Sustache-Rivera</u> v. <u>United States</u>, 221 F.3d 8, 15 (1st Cir. 2000).[1] Conteh has failed even to argue, much less demonstrate, that his challenge to his convictions falls within the narrow confines of the "savings clause." See <u>United States</u> v. <u>Barrett</u>, 178 F.3d 34, 50 - 54 (1st Cir. 1999). Conteh's claim that the Assistant United

---

[1] Like other § 2241 petitions, a § 2241 petition that challenges the legality of a conviction "is properly brought in the district court with jurisdiction over the prisoner's custodian (unlike a § 2255 petition, which must be brought in the sentencing court)." <u>United States</u> v. <u>Barrett</u>, 178 F.3d 34, 50, n.10 (1st Cir. 1999).

States Attorney who prosecuted his case failed to file the appropriate oath of office "does not raise a question of actual innocence." Id. at 52. Nor does the fact that AEDPA bars his challenge from being heard on the merits raise a "serious constitutional question." Id. at 53. The claim was characterized as "baseless" by the United States District Court for the Southern District of New York. And the claim, which was first raised in the Southern District in Conteh's fourth § 2255 motion, would have been barred by the pre-AEDPA abuse-of-the-writ doctrine. See id. at 54.

Because the challenge to the validity of his expired federal conviction does not fall within the parameters of the "savings clause," it may not be brought pursuant to § 2241. Therefore, the district court did not err in summarily dismissing the petition. Nor did the court err in failing to construe the petition as one brought pursuant to 28 U.S.C. § 2255 and transfer it. The district court's electronic order entered on October 22, 2005, dismissing the § 2241 petition, is affirmed. The government's "Motion to Change Case Caption" and Coteh's motion objecting to granting the government's request for an extension of time to file its brief are denied.

So ordered.

By the Court:

Richard Cushing Donovan, Clerk.

**MARGARET CARTER**

By: _____
  Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

*[signature]*

**Deputy Clerk**

**Date:** 8/8/06

[cc: John Conteh, Victor A. Wild, AUSA]